UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WARD d/b/a/ BRAINTEASER PUBLICATIONS,

        Plaintiff,

- against -

BARNES & NOBLE, INC., STERLING PUBLISHING CO., INC., FRANCIS HEANEY, and PATRICK BLINDAUER,

        Defendants.

Civil Action No. 13-cv-7851 (JMF)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S FEBRUARY 23, 2015 OPINION AND ORDER

ARNOLD & PORTER LLP
Louis S. Ederer
Matthew T. Salzmann
Maxwell C. Preston
399 Park Avenue
New York, New York 10022
Tel: 212.715.1000
Fax: 212.715.1399

*Attorneys for Defendants*

# PRELIMINARY STATEMENT

Defendants Barnes & Noble, Inc., Sterling Publishing Co., Inc., Francis Heaney and Patrick Blindauer (collectively, "Sterling") respectfully move this Court, pursuant to Local Civil Rule 6.3, for reconsideration of that portion of the Court's February 23, 2015 Opinion and Order (Dkt. 38) (the "Feb. 23 Opinion") denying summary judgment with respect to Plaintiff's copyright claim as it pertains to the instructions found in the Hangman game books at issue (the "Challenged Books"). Sterling respectfully submits that the Court's findings made in connection with its dismissal of Plaintiff's other infringement claims require dismissal of this claim as well.

# ARGUMENT

Motions for reconsideration pursuant to Local Civil Rule 6.3 may be granted, in the Court's "sound discretion", "where the court has overlooked ... factual matters that were 'put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court.'" *Lindsey v. Butler*, 2014 WL 5757448, at *1, 2 (S.D.N.Y. Nov. 5, 2014); *see also Titan Pharmaceuticals and Nutrition, Inc. v. Medicine Shoppe International, Inc.*, 2006 WL 708552, *1 (S.D.N.Y. Mar. 20, 2006).

In its Feb. 23 Opinion, the Court granted summary judgment in favor of Sterling on all of Plaintiff's claims for copyright and trade dress infringement, with respect to all the accused artwork and game presentation materials in the Challenged Books, except for a single page of game instructions. *See* Dkt. 38 at 22-23. In particular, the Court found that Plaintiff was not entitled to maintain a claim in copyright with respect to any other aspect of the Hangman books published by Sterling under Plaintiff's name — not the interior and cover artwork, not the layout of the Hangman games, and not the method of play — since all were either authored and contributed (and therefore owned) by Sterling, or were not protectable. *See id.* at 3-5, 10-13. The only element that could possibly be owned by Plaintiff, because it was the only element he

1

authored and contributed, was the "text" that appeared in the Challenged Books (*see, e.g., id.* at 4-5, 15). Although the Feb. 23 Opinion assumed that such "text" included the instructions, Plaintiff conceded in his briefing that it *was limited to the words that comprised the solutions to the Hangman puzzles* (*see* Dkt. 28 ¶ 33).

In ruling that Plaintiff could maintain a copyright claim with respect to the instructions, the Court assumed that the instructions in the Hangman books published by Sterling were part of the "text" Plaintiff had contributed to these books, overlooking its own factual finding that *it was Sterling that had created and contributed these instructions*. In fact, as the Court itself concluded, the very same evidence that shows that Sterling created and contributed the artwork and game presentation materials also demonstrates that Sterling created and contributed the instructions. Therefore, as in the case of the artwork and other materials contributed by Sterling, Plaintiff owns no rights in the instructions, and has no right to enforce any copyright in them.

The Feb. 23 Opinion, and Plaintiff's own submissions on the motion, confirm the following undisputed facts. *First*, as this Court specifically found, the parties' publishing agreements provided that each party would retain ownership of copyright with respect to its own contributions to the books. *See id.* at 4 ("if Sterling 'supplies material for the Work (such as illustrations),' Sterling 'may copyright such material in its own name'" (quoting Dkt. 21, Ex. 11 at 1)); *id.* at 4-5 (finding that Plaintiff's contribution was limited to the words comprising the solutions to the puzzles).

*Second*, there is no evidence in the summary judgment record — and indeed, Plaintiff has never even claimed — that Plaintiff authored the instructions appearing in the books Sterling published under his name. To the contrary, the evidence of record is that the only game instructions Plaintiff ever authored were those that appeared in the New Zealand book he

2

provided to Sterling in advance of Sterling's publication of any Hangman books, *which Sterling did not use in creating its own set of instructions*. See, e.g., id. at 3-5, 14; Dkt. 21, Ex. 9. Indeed, the Court specifically found, referring to the same 2004 exhibit that shows that it was Sterling who created and contributed the accused artwork and game presentation materials, that it was Sterling who prepared and sent to Plaintiff "preliminary versions of the first four books ..., *including the instructions*...." (Dkt. 38 at 4) (emphasis added) (Dkt. 21, Ex. 12). Those instructions were entirely different from the ones that appeared in Plaintiff's New Zealand book:

| Plaintiff's NZ Instructions (Dkt. 21, Ex. 9) | Sterling's 2004 Instructions (Dkt. 21, Ex. 12)[1] |
|---|---|
| **How to Play the Game** <br> Its simple, easy and great fun. Scratch the surface to the letters, the right letter will show a number underneath, place this letter in the correct number below. <br><br> The wrong letter will show a cross, when this happens start drawing up your Hangman grid, one line at a time. <br><br> The object of the game is to guess the complete word, saying, etc. before the Hangman grid is completed. You have a total of ten chances to beat the Hangman.......*Good Luck!* | **How to Play Hangman** <br> You must fill in the missing letters at the bottom of each page before the body in the gallows is completed. Scratch the silver egg below one of the letters on the page. If you are correct, a number or more than one number will tell you where to enter this letter in the word or words below. If you are wrong, the hangman will stick his tongue out at you and you must fill in one of the dotted lines on the body in the gallows. <br><br> There are six parts to the body—two arms, two legs, a body, and the head. If you find all the letters in the complete word or phrase before you have to fill in six body parts, you win and the hangman will spare you. If not . . . |

Further, as the Court noted, Plaintiff's reaction to the preliminary versions Sterling sent him in 2004 demonstrates unequivocally that he did not create any of those materials (including the instructions), since Plaintiff responded that "'the whole concept of the game has been changed.'" Dkt. 38 (quoting Dkt. 22 ¶ 24, and Dkt. 21, Ex. 12).

*Third*, in his summary judgment submissions, Plaintiff admitted that he did not create or contribute the instructions found in the Sterling books. Indeed, at page 15 of the Feb. 23 Opinion, the Court makes note of Plaintiff's original, improperly filed Local Rule 56.1 Counterstatement, in which Plaintiff affirmatively states that "the content for which Plaintiff

---

[1] Sterling's 2004 instructions were used in the initial books Sterling published under Plaintiff's name (*see* Dkt. 21, Ex. 14), and Sterling then used slightly edited versions of these same instructions in later books published under Plaintiff's name (*see, e.g.*, Dkt. 36, ¶¶ 46-47).

3

ha[s] a United States copyright [consists of] *the text or words that comprised the solutions to the various hangman puzzles.*" Dkt. 28 ¶ 33 (emphasis added). Conspicuously absent from this statement, or anything else in the summary judgment record, is any claim, much less evidence, that Plaintiff created or contributed the instructions.[2]

Since Plaintiff has conceded, and the only evidence of record confirms, that he did not author or contribute the instructions in the copyrighted books, then just as Sterling maintained in its summary judgment briefing, "the only copyright Plaintiff could own in these books would be the 'text' he contributed, that is, the words he provided as solutions for various Hangman games." Dkt. 20 at 2 n.3; *see also id.* at 6-7; Dkt. 25 at 5, 6 n.11; and Dkt. 36, ¶¶ 46-47. By law, and in this case by the parties' agreement, Plaintiff can only own a copyright in that which he authored and contributed, which, as the Court found as a matter of fact, did not include the instructions. Thus, since the only text Plaintiff contributed to the copyrighted works was the puzzle solutions, the reference to "text" in the registrations could not have been intended to encompass, nor, as a matter of law, could have encompassed the instructions.[3] *See* Dkt. 21, Ex. 20. Accordingly, just as it rejected the notion that Plaintiff's copyright extends to any non-textual content, the Court should have found (and, effectively, did find) that his copyright does not extend to the instructions.

## CONCLUSION

For the foregoing reasons, Sterling respectfully requests that the Court grant its request for reconsideration, and award summary judgment in favor of Sterling with respect to the only

---

[2] This concession defines the scope of Plaintiff's copyright because, as the Court recognized in the Feb. 23 Opinion, "the parties are bound by their concessions in Rule 56.1 statements." Dkt. 38 (citing *Brown v. N.Y.C. Dep't of Educ.*, 755 F.3d 154, 158 (2d Cir. 2014)).

[3] Further, even if the "text" covered by the registrations could be interpreted to include the instructions, that would not trump Sterling's contractual right to register its own contributions to these works (*e.g.*, the instructions).

remaining claim in this case. Further, in light of the impending pretrial deadlines, Sterling respectfully requests that the Court direct Plaintiff to respond to this motion in one week's time, to allow for its prompt resolution.

Dated: New York, New York
      March 4, 2015

ARNOLD & PORTER LLP

By: /s/ Louis S. Ederer
Louis S. Ederer
Matthew T. Salzmann
Maxwell C. Preston
399 Park Avenue
New York, New York 10022
Tel: 212.715.1000
Fax: 212.715.1399

*Attorneys for Defendants*