```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
MICHAEL WARD, d/b/a BRAINTEASER                                 :
PUBLICATIONS,                                                   :
                                                                :       13-CV-7851 (JMF)
                              Plaintiff,                        :
                                                                :       MEMORANDUM OPINION
              -v-                                               :          AND ORDER
                                                                :
BARNES & NOBLE, INC., et al.,                                   :
                                                                :
                              Defendants.                       :
                                                                :
----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      By Opinion and Order entered February 23, 2015, this Court denied in part and granted in part the motion for summary judgment of Defendants Barnes & Noble, Inc., Sterling Publishing Co., Inc. ("Sterling"), Francis Heaney, and Patrick Blindauer (collectively, "Defendants") with respect to Plaintiff Michael Ward's claims for copyright infringement and trade dress infringement (along with related state law claims). *See Ward v. Barnes & Noble, Inc.*, No. 13-CV-7851 (JMF), — F. Supp. 3d —, 2015 WL 765833 (S.D.N.Y. Feb. 23, 2015) ("*Ward I*"). Plaintiff, in relevant part, alleged that Defendants — who, pursuant to a series of publishing agreements between the parties, published a "Scratch and Solve" series styled on the age-old game Hangman under Plaintiff's name, and registered copyrights to the same in Plaintiff's name — infringed Plaintiff's U.S. copyrights and a New Zealand copyright through their publication of similar books under others' names. The Court granted summary judgment with respect to Plaintiff's claims that (1) Defendants infringed his New Zealand copyright and (2) illustrations and artwork published by Defendants infringed his U.S. copyrights, but denied summary judgment with respect to Plaintiff's claim that instructions in the books published by Defendants

infringed his U.S. copyrights (the "Instructions Claim").  Defendants now move for partial reconsideration of the Court's Opinion and Order, arguing that the Court should have also granted Defendants' motion for summary judgment with respect to the Instructions Claim. (Docket No. 41).  Upon careful consideration of the parties' submissions and the summary judgment record, Defendants' motion is DENIED.[1]

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted).  "A district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).  Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  "'The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

---

[1] In conjunction with his opposition to Defendants' motion, Plaintiff submitted a declaration with attached exhibits.  (Docket No. 45).  Local Civil Rule 6.3 makes clear, however, that on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court."  Local Civ. R. 6.3.  As the Court did not request affidavits — and its review on a motion for reconsideration is, as the Rule indicates (and for good reason), generally limited to the record that was before it on the original motion — the Court will not consider Plaintiff's declaration or the attached exhibits.

1992)).  It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt."  *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

Applying those standards here, Defendants' motion fails.  Defendants argue first that reconsideration is warranted because the Court's denial of summary judgment with respect to the Instructions Claim conflicts with its "own factual finding that *it was Sterling that had created and contributed the[] instructions*" in the "Scratch and Solve" series.  (Mem. Law Supp. Defs.' Mot. Partial Reconsideration Court's Feb. 23, 2015 Op. & Order (Docket No. 42) ("Defs.' Mem.") 2; *see also* Defs.' Reply Mem. Law Further Supp. Mot. Partial Reconsideration (Docket No. 50) ("Defs.' Reply Mem.") 1).  But the Court made no such finding; instead, it found that the *initial* instructions, although first drafted by Sterling, were developed after a "back-and-forth" between Plaintiff and the publisher.  (*Ward I*, 2015 WL 765833, at *3).  And, as Defendants themselves admit, those instructions were later "edited" in ways that — as discussed below — resembled instructions that Plaintiff wrote for his New Zealand Book.  (Defs.' Mem. 3 n.1).  Given that, and the plain language of the copyrights that Sterling itself registered — indicating that Plaintiff's authorship covered the "text" or "entire text" of the books produced under the publishing agreement — the Court thus ruled that it could not conclude, as a matter of law, that Defendants did not infringe Plaintiff's U.S. copyrights in the instructions.  (*Id.* at *8; *see* Decl. Barry Janay Opp'n Defs.' Mot. Summ. J. (Docket No. 32) ("Janay Decl."), Ex. FF).

None of Defendants' arguments on their motion for reconsideration warrants a different conclusion now.  The Copyright Act makes clear that "the certificate of a registration . . . shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the

3

certificate." 17 U.S.C. § 410(c).  As one of the "facts stated" on the certificates is that Plaintiff is to be considered the author of the "text" or "entire text" of the books published by Sterling — terms that necessarily include the book's instructions — "the initial burden is on the defendant[s] to introduce evidence sufficient to overcome this presumptive validity."  *Van Cleef & Arpels, Inc. v. Schechter*, 308 F. Supp. 674, 676 (S.D.N.Y. 1969).  The fact that Sterling provided an initial version of the "Scratch and Solve" instructions to Plaintiff (and Plaintiff voiced objections (*see* Decl. Louis S. Ederer Supp. Defs.' Mot. Summ. J. (Docket No. 21) ("Ederer Decl"), Ex. 13)) does not, by itself, establish authorship as a matter of law, as later versions of the books' instructions differed significantly from those first used in the "Scratch and Solve" series.  Notably, those later instructions include language used in the instructions drafted by Plaintiff for his New Zealand Book.  (*Compare, e.g.*, Janay Decl., Ex. FF (instructions to *Tough Hangman* beginning with "It's simple, easy, and fun") *with* Ederer Decl., Ex. 9 (instructions to Plaintiff's New Zealand book beginning with "It's simple, easy and great fun")).[2]

The Second Circuit has held that "[a]uthorship is generally a question of fact for the jury."  *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 110 (2d Cir. 2002).  Given that, and the fact that Sterling *itself* registered copyrights that seem to belie the argument it now advances (*see, e.g*., Ederer Decl., Ex. 18 at 2 (noting, like previous agreements between Plaintiff and Sterling, that "Publisher . . . agrees to copyright any Work in Author's name with the U.S. Copyright Office"), the Court could not, and cannot now, grant summary judgment on

---

[2]  That is not to say that Plaintiff has any remaining copyright claim with respect to his New Zealand Book, as to which the Court already granted summary judgment based on, among other things, a lack of substantial similarity.  *See Ward I*, at *5-6.  Instead, the fact that later versions of the U.S. instructions incorporated language previously written by Plaintiff creates an issue of fact as to whether he authored (and hence, whether his U.S. copyright covered) those later instructions, giving rise to a copyright infringement claim with respect to the similar instructions in the other books published by Defendants.  (Janay Decl., Ex. FF).

Plaintiff's Instructions Claim.  *See Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 466-67 (S.D.N.Y. 2000) ("While [Plaintiff's] ideas and suggestions are not copyrightable, language which she produced as a tangible form of expression (in the outline or draft chapters) and which was intended to and did indeed merge with Goldsmith's work in FWC may be copyrightable. . . . [T]he question of whether the language was independently created by [Plaintiff] is disputed, and thus one for the trier of fact."), *aff'd*, 230 F.3d 518 (2d Cir. 2000); *see also Ward I*, 2015 WL 765833, at *8 (noting that "the wording of instructions for the playing of a game is itself copyrightable so as to prevent a literal or closely paraphrased copying" (internal quotation marks omitted)).[3]

Defendants also contend that reconsideration is warranted because one paragraph in Plaintiff's original, improperly filed Rule 56.1 statement describes the "content for which Plaintiff had a United States copyright" as "the text or words that *comprised the solutions to the various hangman puzzles*."  (Docket No. 28, ¶ 33 (emphasis added); *see* Defs.' Mem. 3-4; Defs.' Reply Mem. 5).  This argument is unavailing for two reasons.  First, on their motion for summary judgment, Defendants argued only that this statement supported their argument that the copyright did not extend to the *illustrations* in the various books, not that it also established that the copyright did not extend to the books' instructions.  (*Compare* Defs.' Reply Mem. Law

---

[3]   The Court notes that Defendants have never argued that Plaintiff's copyright claim fails because he and Defendants (or Sterling specifically) were joint authors.  *See Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) ("[B]ecause coauthors cannot sue one another for copyright infringement, [Plaintiff] cannot recover unless [he or] she was the sole author" of the disputed work (internal citations omitted)); *cf. Thomson v. Larson,* 147 F.3d 195, 206 (2d Cir. 1998) (noting that this Circuit "has not decided whether a person who makes a non-*de minimis* copyrightable contribution but cannot meet the mutual intent requirement of co-authorship, retains, in the absence of a work-for-hire agreement or of any explicit contractual assignment of the copyright, any rights and interests in his or her own contribution.").

Further Supp. Mot. Summ. J. (Docket No. 35) ("Defs.' Reply Summ. J. Mem.") 5, *with id.* at 6 n.11). Defendants' new argument that this statement should also be considered a concession that the *instructions* are not part of the "text" or "entire text" in which Plaintiff owned copyrights — despite the plain language of the copyright registrations indicating otherwise — is therefore not a proper ground for seeking reconsideration of the Court's prior order. *See Gonzalez-Blanco v. Bank of Am., N.A.*, No. 11-CV-7139 (TPG), 2012 WL 19383, at *1 (S.D.N.Y. Jan. 3, 2012) ("A motion for reconsideration should be denied where the party seeking consideration merely raises new arguments and issues it could have raised on the underlying motion."); *accord Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp. 2d 356, 359 (S.D.N.Y. 2006).

Second, and in any event, Defendants still must overcome the presumption of authorship established by the copyright registrations Sterling filed. *See Van Cleef & Arpels*, 308 F. Supp. at 676. One sentence in an improperly filed Rule 56.1 statement (that Defendants themselves fought vehemently to exclude and that the Court ordered Plaintiff to re-file), on a point that Plaintiff in fact disputes in his operative Rule 56.1 Statement, is not enough to defeat that presumption. *See Huurman v. Foster*, No. 07-CV-9326 (MHD), 2010 WL 2545865, at *11 (S.D.N.Y. June 21, 2010) ("A party can rebut the presumption of validity by providing evidence of a material issue of fact concerning the copyright. If the presumption of validity is overcome, the burden of proof shifts back to the party claiming the copyright to prove that it has original and copyrightable subject matter and owns the same." (internal citation and quotation marks omitted)). (Docket Nos. 30-31; *compare* Docket No. 28, ¶ 33 *with* Docket No. 33, ¶ 27 (denying that Plaintiff's U.S. Copyright covered "the 'text', or words, that comprised the solutions to the various Hangman puzzles"). And while the Court did reference Plaintiff's statement in rejecting his argument that his registered copyrights covered the interior artwork and illustrations of the

6

"Scratch and Solve" series, *Ward I*, 2015 WL 765833, at *7, the statement was not essential to the Court's conclusion. Instead, the Court rejected Plaintiff's U.S. copyright claim based on the "Scratch and Solve" illustrations principally because the plain language of the copyright registrations indicated that his authorship extended only as far as the "text" — the same reason the Court could not grant summary judgment on Plaintiff's Instructions Claim. *See id.* at *7-8.

Plaintiff's claim of infringement with respect to the instructions is far from overwhelming, as there is certainly evidence in the record (including, perhaps, Plaintiff's initial Rule 56.1 Statement — the admissibility of which the Court need not address here) from which a reasonable jury could conclude that Sterling was the author. But given — among other things — Sterling's own statements in the copyright registrations and the similarities between the instructions at issue here and in instructions in Plaintiff's New Zealand book, the issue of authorship is one for the jury to decide at trial, not for this Court to decide on summary judgment. *See Medforms*, 290 F.3d at 110; *see also Maurizio*, 84 F. Supp. 2d at 467 ("[T]he question of whether the language was independently created by [Plaintiff] is disputed, and thus one for the trier of fact."); *Sutton Imp.-Exp. Corp. v. Starcrest of Calif.*, 762 F. Supp. 68, 70 (S.D.N.Y. 1991) ("Authorship is . . . an issue of fact precluding summary judg[]ment."); *Morita v. Omni Publications Int'l, Ltd.*, 741 F. Supp. 1107, 1112-13 (S.D.N.Y. 1990) (denying summary judgment because, among other things, the parties raised "genuine issues of material fact with respect to Morita's and Kan's relative contributions to the project" that was the subject of the copyright infringement claim), *vacated by consent judgment*, 760 F. Supp. 45 (S.D.N.Y. 1991). Notably, the case Defendants rely on most heavily in their reply memorandum (Defs.' Reply Mem. 7-8) — Defendants insist that Plaintiff's claim should be dismissed because he, like the plaintiff in that case, did not author the disputed work — was decided after a bench trial, not on a

7

motion for summary judgment.  *See Richard J. Zitz, Inc. v. Pereira*, No. 99-9399, 225 F.3d 646, 2000 WL 1239830, at *3, 5 (2d Cir. Aug, 31, 2000) (summary order); *see also N. Forest Dev., LLC v. Walden Ave. Realty Assoc., LLC*, No. 06-CV-378 (JJM) (RJA), 2009 WL 5959961, at *3 (W.D.N.Y. July 22, 2009) ("*Zitz* was decided following a bench trial, not on a motion for summary judgment.  Based on the record before [the Court], [it] cannot determine as a matter of law whether North Forest is or is not the author of the copyrighted drawings.").

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.  Pursuant to the Court's Order of March 4, 2015 (Docket No. 44), the parties' Joint Pretrial Order and related materials — the substance of which are outlined in the Court's summary judgment opinion, *see Ward I*, 2015 WL 765833, at *11, and the Court's Individual Rules and Practices — are due **twenty-one days** from the date of this Memorandum Opinion & Order.  Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks thereafter.  And finally, if the parties are interested in a referral to Magistrate Judge Maas for settlement purposes, they shall so advise the Court by joint letter as soon as possible.

The Clerk of Court is directed to terminate Docket No. 41.

SO ORDERED.

Date: March 30, 2015
New York, New York

JESSE M. FURMAN
United States District Judge