**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL WARD d/b/a/ BRAINTEASER PUBLICATIONS, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 13-cv-7851 (JMF) |
| - against - | ) ) **[PROPOSED] JOINT PRETRIAL ORDER** |
| BARNES & NOBLE, INC., STERLING PUBLISHING CO., INC., FRANCIS HEANEY, and PATRICK BLINDAUER, | ) ) ) ) |
| Defendants. | ) ) |

Plaintiff Michael Ward, and Defendants Barnes & Noble, Inc., Sterling Publishing Co., Inc. ("Sterling"), Francis Heaney, and Patrick Blindauer, respectfully submit this Proposed Joint Pretrial Order pursuant to Rule 5.A of the Court's Individual Rules and Practices in Civil Cases.

**I.    CAPTION OF THE ACTION**

The full caption of the action is above.

**II.    TRIAL COUNSEL**

Barry E. Janay
Law Office of Barry E. Janay, P.C.
111 Boulder Ridge Rd.
Scarsdale, NY 10583
(917) 756-8501
Email: bjanay@lobej.com

*Attorney for Plaintiff Michael Ward
d/b/a Brainteaser Publications*

Louis S. Ederer
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000 x1102
Fax: (212) 715-1399
Email: louis.ederer@aporter.com

Susan L. Shin
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000 x1722
Fax: (212) 715-1399
Email: Susan.Shin@aporter.com

Matthew T. Salzmann
Arnold & Porter, LLP
399 Park Avenue

New York, NY 10022
(212) 715-1000
Fax: (212) 715-1399
Email: Matthew.Salzmann@aporter.com

*Attorneys for Defendants, Barnes & Noble, Inc., Sterling Publishing Co., Inc., Francis Heaney & Patrick Blindauer*

## III. BASIS FOR SUBJECT MATTER JURISDICTION

This Court has jurisdiction in this case under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and pursuant to 28 U.S.C. § 1331.

## IV. CLAIMS AND DEFENSES TO BE TRIED/NOT TO BE TRIED

### A. PLAINTIFF'S STATEMENT

Multiple claims of copyright infringement for the text and compilation of each of the five (5) challenged books as well as for the nine (9) Canadian edition Scratch-Hangman Books.

### B. DEFENDANTS' STATEMENT

#### 1. Claims and Defenses to Be Tried

Plaintiff's complaint asserts a number of claims for copyright and trade dress infringement that are no longer before the Court and need not be tried. Dkt. 1 at 8-12. In its decision issued on March 30, 2015, granting, in part, Defendants' motion for summary judgment, the Court dismissed nearly all of Plaintiff's infringement claims. *See generally* Op. & Order on Summ. J. (Dkt. 38). More specifically, Plaintiff's claim of infringement based on an alleged New Zealand copyright was dismissed, *id.* at 13; Plaintiff's copyright infringement claim with respect to the illustrations that appear in the Challenged Sterling Books was dismissed, *id.* at 16; Plaintiff's claim for trade dress infringement was dismissed, *id.* at 19; and, Plaintiff's state law claims for unfair competition and unjust enrichment were dismissed, *id.* at 21-22. Indeed, as the Court noted, all of Plaintiff's claims have been dismissed except for his copyright infringement

claim based on the single page of game instructions that appear in the Original Sterling Books,[1] but even then only "insofar as the instructions constitute the 'text' of the books." *Id.* at 16.

In light of the foregoing, the following claims and defenses remain to be tried:

### a. Ownership of Copyright

As recognized in the Court's decision on reconsideration, the threshold issue to be decided in this case is whether Plaintiff is even the owner of copyright in the instructions that appear in the books Sterling published under Plaintiff's name. This, in turn, raises two issues — first, as the Court stated in it Summary Judgment Order, do the Certificates of Registration issued in Plaintiff's name for the "text" of the Original Sterling Books encompass the single page of game instructions that appear in those books? Second, is Plaintiff the author of those instructions, or did Sterling author them?

Defendants assert two defenses relating to this issue. First, the Certificates of Registration that refer to the "text" of the Original Sterling Books were intended to cover only the words that constitute the solutions to the Hangman puzzles that appear in those books, not the instructions page. Second, Plaintiff did not write the game instructions that appear in the Original Sterling Books, and is therefore not the author, or, accordingly, the copyright owner of such instructions. As a matter of law, if Plaintiff is not the author of the instructions that appear in the Original Sterling Books, he does not own any copyright in them, and there can be no copyright infringement. *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 165 (2d Cir. 2003). In that regard, to the extent Plaintiff contributed any ideas for the game instructions, but it was Sterling that actually wrote the instructions, it is Sterling — not Plaintiff — that is the author of the game instructions that appear in the Original Sterling Books, and

---

[1] The books published by Sterling under the name of Plaintiff Michael Ward will be referred to as the "Original Sterling Books."

accordingly Plaintiff cannot own any copyright in such instructions. Further, to the extent there are any overlapping elements between the instructions that appear in the Original Sterling Books and anything written by Plaintiff, they consist of simple and ordinary phrases and common terms that are not protectable under copyright law.

      **b.**    **Infringement**

If, and only if, Plaintiff is determined to be the author of, and accordingly, the owner of copyright in the game instructions that appear in the Original Sterling Books, then the issue of copyright infringement remains to be decided. Once authorship and ownership are established, to make out a claim for copyright infringement, Plaintiff must prove two elements by a preponderance of the evidence: (1) Defendants' unauthorized copying of the game instructions that appear in the Original Sterling Books, and (2) substantial similarity between the protectable elements of the game instructions that appear in the Original Sterling Books and the game instructions that appear in each of the Challenged Sterling Books.[2] *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

With regard to this claim of copyright infringement, Defendants assert the following defenses. First, even if Plaintiff actually authored the game instructions that appear in the Original Sterling Books, which he did not, any copyright protection for such instructions is severely limited, given that there are only a limited number of ways to explain how to play the game of Hangman. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707-09 (2d Cir. 1992). Second, if any copying occurred, that copying was *de minimis* in relation to the copyrighted work as a whole, consisting of not only the game instructions but the words constituting the solutions to the Hangman puzzles. Accordingly, under the *de minimis* use

---

[2] *Trivia Hangman*, *Hollywood Hangman*, *Science Hangman*, *Geography Hangman*, and *Spelling Bee* are collectively referred to as the "Challenged Sterling Books."

doctrine, since the unauthorized copying, if any, would be sufficiently trivial, the law imposes no legal consequences. *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998). Finally, the game instructions that appear in the Challenged Sterling Books do not contain substantially similar expressions of protectable elements to those found in the game instructions that appear in the Original Sterling Books.

### c. Statutory Damages

If, and only if, infringement is found, the jury must address the issue of damages. 17 U.S.C. §§ 101, 504(c)(1).

In this regard, to the extent Plaintiff is entitled to a statutory damages award, which he is not, the allegedly infringed game instructions that appear in the Original Sterling Books comprise only a single work, and, therefore, Plaintiff is entitled to only one statutory damages award. *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003); *Macklin v. Mueck*, 2005 WL 1529259, at *3 (S.D. Fla. Jan. 28, 2005) *amended*, 2005 WL 1529349 (S.D. Fla. Mar. 10, 2005) *aff'd*, 194 F. App'x 712 (11th Cir. 2006).

Second, to the extent Plaintiff is entitled to a statutory damages award, which he is not, Defendants are what is known as joint and several infringers, and Plaintiff may therefore recover only a single statutory damages award against all of them together. *Agence France Presse v. Morel*, 2013 WL 2253965, at *5 (S.D.N.Y. May 21, 2013).

Third, to the extent Plaintiff is entitled to a statutory damages award, which he is not, the award must be commensurate with Defendants' state of mind, and any such infringement was innocent. 17 U.S.C. § 504(c)(2).

Fourth, to the extent Plaintiff is entitled to a statutory damages award, which he is not, the award must be commensurate with Defendants' state of mind, and any such infringement was not willful. 17 U.S.C. §§ 504(c)(1)-(2).

Fifth, to the extent Plaintiff is entitled to a statutory damages award, which he is not, the jury must take into account the actual damages Plaintiff suffered and/or the profits Sterling realized that were attributable, or reasonably related to the alleged infringing activity — the game instructions that appear in the Challenged Sterling Books. Since no (or next to no) actual damage was suffered and/or since no profits were realized that can be attributable to such alleged infringement, Sterling's sales and profits are not attributable to the alleged infringing activity. 17 U.S.C. § 504(b).

### 2. **Defenses Previously Asserted and Not to Be Tried**

Given the Court's dismissals of Plaintiff's claims on summary judgment, Dkt. 38 at 22-23, all defenses relating to Plaintiff's previously dismissed trade dress infringement claim need not be tried (Dkt. 8 at 10-11), and all defenses relating to Plaintiff's previously dismissed unfair competition and unjust enrichment claims need not be tried (Dkt. 8 at 11). Moreover, all defenses relating to Plaintiff's claim for copyright infringement based on his New Zealand copyright, Plaintiff's claim for copyright infringement with respect to the Scratch & Solve illustrations, and any defenses relating solely to the New Zealand book or the illustrations, are now moot and need not be tried. *See* Dkt. 8 at 9-12; *see also* Dkt. 38 at 13, 16 (dismissing these claims).

## V. **JURY TRIAL & NUMBER OF DAYS**

Plaintiff has requested a trial by jury.

Plaintiff requires two (2) days to present his case including all evidence at trial. Defendants require two (2) days to present their case including all evidence at trial. Plaintiff and Defendants have conferred, and their present best estimate for the length of trial is three to four (3-4) days. If the trial is conducted from 9:00 a.m to 2:30 p.m., with one short break from

approximately 11:30 a.m. to noon, as the Court's Individual Rules and Practices for Trials provide, Plaintiff and Defendants estimate requiring four to five (4-5) business days for trial.

These estimations are based on the understanding that witnesses who are being called by both Plaintiff and Defendants will testify in both Plaintiff's case-in-chief and Defendants' case-in-chief. However, to the extent the Court requires that a witness may only be called to testify once, the estimated trial period may be shorter. Defendants seek clarification and the Court's guidance in this regard.

### VI.   **JOINT STATEMENT SUMMARIZING NATURE OF CASE TO BE READ TO POTENTIAL JURORS**

The parties have been unable to agree upon a joint statement. Accordingly, they present below their respective proposed statements.

#### A.   **PLAINTIFF'S PROPOSED STATEMENT**

This case involves multiple claims of copyright infringement by Plaintiff Michael Ward against Defendants Barnes & Noble, Inc., Sterling Publishing Co., Inc., Francis Heaney and Patrick Blindauer. The claims relate to the use by the Defendants of game instructions that appear in a series of Hangman puzzle books Defendant Sterling published under Plaintiff's name and obtained copyright registrations on Plaintiff's behalf for, at a minimum, the text of those books. what we'll be calling in this case the "Ward Books." Plaintiff alleges, among other things, that he owns valid U.S. copyrights for those books, including the instructions contained in those books and that his copyright has been infringed by the Hangman books that Defendant Sterling published under the names of Defendants Heaney and Blindauer, as well as under the name of a pseudonym Sterling used named Jack Ketch, which during the course of the trial will be referred to as the "Challenged Books." It is undisputed that Plaintiff was the creator and originator of the novel single player scratch-off style hangman book or that the original

instructions were made available to Sterling prior to Sterling ever publishing the Ward Books or the Challenged Books. Defendants nevertheless deny that Plaintiff was the original author of the instructions that appear in the Ward Books and further contend that that Ward does not own any valid U.S. copyright in the instructions. Defendants claim that it was Defendant Sterling who actually authored the instructions that appear in the Ward Books. Defendants also deny that the instructions that appear in the Challenged Books infringe any valid U.S. copyright that Plaintiff may own with respect to the "text" that appears in the Ward Books. Plaintiff contends that he is the Author and Proprietor of the Ward books which valid U.S. Copyrights were obtained on Ward's behalf by Sterling that gave him exclusive ownership to at a minimum the entire text contained in the Ward Books. Plaintiff claims that the Challenged Books infringe upon his copyrights by publishing virtually identical books which contain substantially similar and in one case identical text to that contained in the Ward Books.

B.  **DEFENDANTS' PROPOSED STATEMENT**

This case involves a claim of copyright infringement by Plaintiff Michael Ward against Defendants Barnes & Noble, Inc., Sterling Publishing Co., Inc., Francis Heaney and Patrick Blindauer. The claim relates to the single page of game instructions that appear in a series of Hangman puzzle books Defendant Sterling published under Plaintiff's name, what we'll be calling in this case the "Original Sterling Books." Plaintiff alleges that he owns a valid U.S. copyright encompassing those instructions, and that his copyright has been infringed by the instructions that appear in Hangman books Defendant Sterling published under the names of Defendants Heaney and Blindauer, and under the name Jack Ketch, which we'll be calling the "Challenged Sterling Books." Defendants deny that Plaintiff authored the instructions that appear in the Original Sterling Books, or that he owns any valid U.S. copyright in those instructions; rather, Defendants claim that it was Defendant Sterling who actually authored the

instructions that appear in the Original Sterling Books. Defendants also deny that the instructions that appear in the Challenged Sterling Books infringe any valid U.S. copyright that Plaintiff may own with respect to the "text" that appears in the Original Sterling Books.

## VII. LIST OF PEOPLE, PLACES & INSTITUTIONS LIKELY TO BE MENTIONED, TO BE READ TO POTENTIAL JURORS

The following is a list of people, places, and institutions likely to be mentioned during the trial:

1. Michael Ward
2. Barry Janay
3. Barnes & Noble, Inc.
4. Sterling Publishing Co., Inc.
5. Francis Heaney
6. Patrick Blindauer
7. Louis Ederer
8. Susan Shin
9. Matthew Salzmann
10. Peter Gordon
11. Theresa Thompson
12. Tom Allen
13. John Woodside

## VIII. MAGISTRATE

The parties have not consented to a trial by a magistrate judge.

## IX. STIPULATED STATEMENTS OF FACTS OR LAW

1. This Court has original jurisdiction over the subject matter of this action pursuant to the U.S. Copyright Act, 17 U.S.C. § 101, *et. seq.* Answer ¶ 7.

2.      The game Hangman has been played for hundreds of years.  Ederer Decl. ¶ 6, Ex. 4 at 165:20-166:23.

3.      Michael Ward ("Plaintiff" or "Ward") is a citizen of New Zealand.  Ederer Decl. ¶ 3, Ex. 1 ¶ 1.

4.      Barnes & Noble, Inc. ("Barnes & Noble") is a Delaware corporation with a headquarters located at 122 Fifth Avenue, New York, NY 10011.  Answer ¶ 2.

5.      Sterling Publishing Co., Inc. ("Sterling") is a Delaware corporation with headquarters located at 387 Park Avenue South, New York, NY 10016.  Answer ¶ 3.

6.      Founded in 1949, Sterling is a publisher of nonfiction titles, with more than 5,000 titles in print, in business for over sixty (60) years.  Among other things, Sterling publishes books, including puzzle and game books.  Ederer Decl. ¶ 3, Ex. 1 ¶¶ 9-10; Ederer Decl. ¶ 10, Ex. 8.

7.      Barnes & Noble acquired Sterling in 2003.

8.      Francis Heaney ("Heaney") is an individual resident of the State of New York and an employee of Sterling.  Heaney is also the author of a book published by Sterling in 2010 as part of its "Scratch & Solve" series, entitled *Trivia Hangman*.  Ederer Decl. ¶ 3, Ex. 1 ¶¶ 4, 11, 14; Ederer Decl. ¶ 25, Ex. 23, Ex. 21.

9.      Patrick Blindauer ("Blindauer") is a former employee of Sterling residing in the State of Missouri.  He is also the author of a book published by Sterling in 2011 as part of its "Scratch & Solve" series, entitled *Hollywood Hangman*.  Ederer Decl. ¶ 3, Ex. 1 ¶¶ 5, 11, 14; Ederer Decl. ¶ 25, Ex. 21.

10.     In the summer of 2004, Plaintiff contacted Sterling to inquire whether Sterling had interest in publishing a single-player scratch-off Hangman game book in the United States.

Ederer Decl. ¶ 11, Ex. 9; Ederer Decl. ¶ 6, Ex. 4 at 47:24-49:8; Janay Decl. ¶ 4, Ex. B at DEFS000236-38.

11. On or about October 14, 2004, Plaintiff entered into a publishing agreement with Sterling (the "2004 Agreement") whereby Sterling agreed to publish works "tentatively entitled SCRATCH HANGMAN, a series from which six books are to be published initially under the terms of this agreement with an option for two additional books every six months, (the "Work")". Ederer Decl. ¶ 13, Ex. 11.

12. The 2004 Agreement also contained a merger clause which provides, in relevant part, that:

> This Agreement contains the entire understanding between the parties, supersedes all previous oral or written representations or agreements with respect to the Work, and many not be changed, modified or discharged orally.

Ederer Decl. ¶ 13, Ex. 11 ¶ 18.

13. On February 16, 2005, Sterling sent an email to Plaintiff attaching proofs of the "Scratch & Solve" Hangman books to be published by Sterling. Ederer Decl. ¶ 14, Ex. 12.

14. On February 16, 2005, Plaintiff emailed Sterling stating that he had "received the proofs of the 'Hangman' & 'Tough Hangman' titles" and noting that the "whole concept of the game has been changed." Ederer Decl. ¶ 15, Ex. 13. Among other the things, Plaintiff noted that "now players only have 5 chances before being hung, instead of the original 10." *Id.* In the same email exchange, Plaintiff states that Sterling's "philosophy is different to [his] on the game Hangman." *Id.*

15. Plaintiff and Sterling entered into several extensions to the 2004 Agreement covering additional "Scratch & Solve" Hangman books to be published in Ward's name. Ederer Dec. ¶ 18, Ex. 16.

16. On or about April 12, 2012, Plaintiff and Sterling entered into a new publishing agreement (the "2012 Agreement") for two new books to be published under Plaintiff's name as part of the Sterling's "Scratch & Solve" Hangman series – *Hangman In The Moon* and *Tough Hangman In The Moon*. Ederer Decl. ¶ 19, Ex. 17.

17. The 2012 Agreement contained a merger clause which provided, in relevant part:

> This Agreement contains the entire understanding and agreement between the parties and supersedes all previous oral or written representations or agreements with respect to the subject matter hereof. No modification of or change to this Agreement shall be binding unless in writing and signed by all parties hereto. There are no representations, warranties, promises, covenants or understandings of the parties other than those expressly set forth herein…. No contrary or inconsistent terms or conditions in delivery memos, invoices, letters or other documents will be binding on Publisher unless expressly agreed to in writing by Publisher.

Ederer Decl. ¶ 19, Ex. 17 ¶ 21.

18. On or about May 28, 2009, Sterling entered into a publishing agreement with Defendant Francis Heaney for a Work tentatively entitled *Trivia Hangman*. Ederer Decl. ¶ 23, Ex. 21.

19. On or about October 5, 2010, Sterling published *Trivia Hangman* as part of its "Scratch & Solve" Hangman series. Ederer Decl. ¶ 30, Ex. 28 at DEFS000150-51; Janay Decl. ¶ 14, Ex. L at WARD000005.

20. On or about August 24, 2010, Sterling entered into a publishing agreement with Defendant Patrick Blindauer for a Work tentatively entitled *Hollywood Hangman*. Ederer Decl. ¶ 25, Ex. 23.

21. On or about November 1, 2011, Sterling published *Hollywood Hangman* as part of its "Scratch & Solve" Hangman series. Ederer Decl. ¶ 30, Ex. 28 at DEFS000145-46; Janay Decl. ¶ 14, Ex. L at WARD 000006.

22. On or about February 5, 2013, Sterling published three (3) additional books in its "Scratch & Solve" Hangman series under the pseudonym "Jack Ketch" — *Science Hangman*, *Geography Hangman*, and *Spelling Bee Hangman*. Ederer Decl. ¶ 30, Ex. 28 at DEFS000153-58; Ederer Decl. ¶¶ 27-29, Exs. 25-27; Janay Decl. ¶ 14, Ex. L at WARD 000007-11.

23. On summary judgment, this Court dismissed Plaintiff's infringement claim based on New Zealand copyright law, arising from his Hangman book published in New Zealand, finding that "Plaintiff's hangman and gallows are unprotectable, as either an unparticularized 'rendering of . . . [the] idea' of Hangman, *Mattel, Inc.*, 724 F.2d at 360, or as a *scène à faire*, a figure that is 'as a practical matter indispensable, or at least standard' in representations of the age-old game, *Hudson v. Universal Studios, Inc.*, No. 04-CV-6997 (GEL), 2008 WL 4701488, at *3 (S.D.N.Y. Oct. 23, 2008), *aff'd*, 369 F. App'x 291 (2d Cir. 2010)," and even if they were protectable, "there is no substantial similarity between the hangman and gallows depicted in the New Zealand Book and that used in Defendants 'Challenged [Sterling] Books.'" Dkt. 38 at 11-13.

24. The Court further held that, "while the plain language of Plaintiff's U.S. copyright registrations does not protect the 'Scratch and Solve' illustrations, it does protect the 'Scratch and Solve' instructions insofar as the instructions constitute the 'text' of the books. (Ederer Decl., Ex. 20). And while 'the idea upon which a game is based cannot be copyrighted . . . , the wording of instructions for the playing of a game is itself copyrightable so as to prevent a literal or closely paraphrased copying.'" Dkt. 38 at 16.

25. On summary judgment, this Court dismissed Plaintiff's trade dress infringement claim. Dkt. 38 at 19.

26. On summary judgment, this Court dismissed Plaintiff's state law claims for unfair competition and unjust enrichment. Dkt. 38 at 21-22.

27. On summary judgment, this Court found that "all of Plaintiff's claims [were] dismissed except for his copyright infringement claims based on the texts of the Challenged Sterling Books to the extent those claims are based on Plaintiff's U.S. copyright registrations." Dkt. 38 at 22-23.

X. **TRIAL WITNESSES & SUMMARIES**

    A. **PLAINTIFF:**

        1. **Mike Ward (Plaintiff):** The originator, creator, and author of the Scratch-Hangman books. The owner of approximately forty (40) copyrights extending at a minimum to the text, entire text, or compilation of those books. He will testify as to his creation of the works, his initial publication of those books in New Zealand, his soliciting of Sterling to publish the books in the United States, his business dealings with Sterling and its employees. His bringing of a lawsuit against potential infringers of the works. The damages he's suffered as a result of Defendants infringements.

        2. **Peter Gordon (Editorial Director of Defendant Sterling)**: Testify as to his knowledge of the Ward Books and the Challenged Books and Defendant Sterling's relationship with Ward and more generally their business practices.

        3. **Patrick Blindauer (Individual Defendant and Employee of Defendant Sterling)**: Testify as to his knowledge of the Ward Books and the Challenged Books, his relationship with Ward.

        4. **Francis Heaney (Individual Defendant and Employee of Defendant Sterling)**: Testify as to his knowledge of the Ward Books and the Challenged Books, his relationship with Ward.

        5. **Theresa Thompson (Executive Vice President of Defendant Sterling)**: Testify as to his knowledge of the Ward Books and the Challenged Books and Defendant Sterling's relationship with Ward and more generally their business practices.

    B. **DEFENDANTS:**

        1. **Mike Ward (will call):** Mike Ward will testify about his business relationship with Sterling, including the terms of the various publishing

agreements entered into between him and Sterling. He will testify about Sterling's and his respective contribution to the instructions that appear in the Original Sterling Books, going to the question of whether he is the author and/or owner of copyright in such instructions.

2. **Peter Gordon (will call)**: Peter Gordon will testify about Plaintiff's business relationship with Sterling, including the terms of the publishing agreements between Plaintiff and Sterling. He will also testify about Plaintiff's and Sterling's respective contributions to the game instructions that appear in the Original Sterling Books. He will also testify regarding Defendant Heaney's and Sterling's respective contributions to the game instructions for the book published by Sterling in 2010 as part of its "Scratch & Solve" series, entitled *Trivia Hangman*. He will also testify regarding Defendant Blindauer's and Sterling's respective contributions to the game instructions for the book published by Sterling in 2011 as part of its "Scratch & Solve" series, entitled *Hollywood Hangman*. Peter Gordon will testify in person and no interpreter is needed.

3. **Patrick Blindauer (may call)**: Patrick Blindauer may testify to Blindauer's and Sterling's respective contributions to the game instructions for the book published by Sterling in 2011 as part of its "Scratch & Solve" series, entitled *Hollywood Hangman*. If called, Patrick Blindauer will testify in person and no interpreter is needed.

4. **Francis Heaney (will call)**: Francis Heaney will testify to the Heaney's and Sterling's respective contributions to the game instructions for the book published by Sterling in 2010 as part of its "Scratch & Solve" series, entitled *Trivia Hangman*. Francis Heaney will testify in person and no interpreter is needed.

5. **Theresa Thompson (may call)**: Theresa Thompson may testify about the business relationship between Ward and Sterling, including the terms of the publishing agreements between Ward and Sterling, should she be called by Plaintiff. If called, Theresa Thompson will testify in person and no interpreter is needed.

6. **Tom Allen (will call)**: Tom Allen will testify to the revenues and profits Defendants realized from the sale of the Challenged Sterling Books. Tom Allen will testify in person and no interpreter is needed.

XI. **DEPOSITION DESIGNATIONS**

Neither party is submitting designations or counter-designations.

XII. **EXHIBITS**

15

Please see attached, as Exhibits A and B hereto, the parties' respective proposed exhibit lists, with objections noted.

## XIII. STATEMENT OF DAMAGES

### A. PLAINTIFF

Plaintiff will seek willful statutory damages for fourteen (14) separate infringements (1 Patrick Blindauer Scratch-Hangman Book, 1 Francis Heaney Scratch-Hangman Book, 3 Pseudonym Jack Ketch Hangman Books, and 9 Canadian (French) edition Scratch-Hangman Books. At the maximum statutory damages recoverable for willful copyright infringement the total would be $2,100,000.00. Plaintiff also seeks reasonable attorneys fees related to the prosecution of this matter in the amount of one-third (⅓) above the amount of Plaintiff's recovery, whichis approximately $700,000.00. Finally, Plaintiff seeks interest on any damages award at the rate in effect in the jurisdiction where this district court is situated, namely the 9% which should accrue from the date of the first infringement approximately October 5, 2010, which is roughly $945,000.00. The total sum that Plaintiff is therefore seeking is $3,745,000.00 which includes the above damages, attorneys fees, and interest.

### B. DEFENDANTS

The Copyright Act states that a "copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, *with respect to any one work*." 17 U.S.C. § 504(c)(1) (emphasis added).

Contrary to Plaintiff's assertions, the game instructions that appear in the Original Sterling Books comprise a single statutory work, which means that, even if Plaintiff prevails, he would only be entitled to recover a single statutory damages award, not five (most recently increased to fourteen). Indeed, courts have consistently held, in framing statutory damage awards, that it is the number of allegedly infringed works, not the number of alleged

infringements of each work, that determines the number of available statutory damages awards. *See Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003) ("An infringer is liable for the number of original works infringed, not for the number or type of copies made."); *Antenna Television v. Aegean Video Inc.*, 1996 WL 298252, at *11 (E.D.N.Y. Apr. 23, 1996) ("To determine the number of violations, therefore, the court need only sum the number of separate, individual works which were the subject of a defendant's infringing activities."); *Macklin v. Mueck*, 2005 WL 1529259, at *3 (S.D. Fla. Jan. 28, 2005) *amended*, 2005 WL 1529349 (S.D. Fla. Mar. 10, 2005) *aff'd*, 194 F. App'x 712 (11th Cir. 2006) (finding that infringement of two poems, even though both were published in multiple forms, amounted to only two statutory damage claims/awards).

Additionally, the statutory award "should bear some relation to actual damages suffered." *Yurman Studio, Inc. v. Castaneda*, 2008 WL 4949775, at *2 (S.D.N.Y. Nov. 19, 2008); *see also* 5 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[E][1][a] (2015) ("The point is not that statutory damages always need to fall beneath other measurements, but rather that they should be woven out of the same bolt of cloth as actual damages."). Here, Plaintiff merely seeks a maximum statutory damages award without any proof of actual damages, and in the face of extremely low profit numbers realized by Defendants on the sales of the Challenged Sterling Books. Further, to the extent Plaintiff is claiming statutory damages based on the amount of actual damages incurred by Plaintiff or profits realized by Defendants, such damages or profits must be attributable to the infringement, that is, in this case, to the unauthorized use of the game instructions, as opposed to other content appearing in the Challenged Sterling Books. 17 U.S.C. § 504(b). Finally, since any infringement in this case was not willful, the maximum award can be no greater than $30,000, 17 U.S.C. § 504(c)(1), and given the attribution analysis

that must be performed and the complete absence of proof that Plaintiff was in any way harmed by the use of the game instructions in question, any statutory damages award should be nominal, that is, in the hundreds, not thousands of dollars.

Finally, if Defendants prevail, they are entitled to, and will seek an award of their full costs, including reasonable attorneys' fees. *See* 17 U.S.C. § 505; *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1011 (2d Cir. 1995).

### XIV. STATEMENT OF WHETHER PARTIES CONSENT TO LESS THAN UNANIMOUS VERDICT

Plaintiff consents to a less than unanimous verdict. Defendants do not consent to a less than unanimous verdict.

### X. ATTACHMENTS -- JURY INSTRUCTIONS, *VOIR DIRE* QUESTIONS, AND SPECIAL VERDICT FORMS

In addition to the parties' respective proposed exhibit lists, attached as Exhibits A and B, please see attached hereto (a) as Exhibit C, the parties' respective proposed Jury Instructions; (b) as Exhibit D, the parties' agreed *Voir Dire* Questions; and (c) as Exhibits E and F, the parties' respective proposed Special Verdict Forms.

Dated: New York, New York
       May 15, 2015

SO ORDERED:

_____
JESSE M. FURMAN
United States District Judge