# EXHIBIT C

**Joint Proposed Jury Instruction No. 1[1]**

**PRELIMINARY INSTRUCTIONS TO BE GIVEN BEFORE OPENINGS**

We are about to begin the trial of the case you heard about during jury selection.  Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during the trial.  But first, let me explain how the trial will proceed.

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show.  A party is not required to make an opening statement.  After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendants' lawyer may cross-examine the witnesses.  At the conclusion of the plaintiff's case, the defendants may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses.  The defendants are not required to introduce any evidence or to call any witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown.  What is said in the closing arguments is not evidence.  Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

Now, during the trial you will hear me use a few terms that you may not have heard before.  Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff.  In this action, the plaintiff is Michael Ward.  The parties being sued are called the

---

[1] For instructions that the parties have agreed upon, those instructions are presented as "Joint Proposed Instructions."  For instructions as to which the parties did not agree, Plaintiff's proposed instruction is presented as "Plaintiff's Proposed Instruction", and Defendants' proposed instruction is presented as "Defendants' Proposed Instruction".

defendants.  In this action, the defendants are Barnes & Noble, Inc., Sterling Publishing Co., Inc.,

Francis Heaney, and Patrick Blindauer.  You will sometimes hear me refer to "counsel."

"Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as

the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good

reason.  On the other hand, when you hear that I have "overruled" an objection, I am permitting

that evidence to be admitted.  When I say "admitted into evidence" or "received into evidence,"

that means that the particular statement or the particular exhibit may be considered by you in

making the decisions you must make at the end of the case.

When a party has the burden to prove any matter by a "preponderance of the evidence," it

means that you must be persuaded by the testimony and exhibits that the matter sought to be

proved is more probably true than not true.  You should base your decision on all of the

evidence, regardless of which party presented it.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law

that arise during the trial.  Before you begin your deliberation at the close of the case, I will

instruct you in more detail on the law that you must follow and apply.  Because you will be

asked to decide the facts of this case, you should give careful attention to the testimony and

evidence presented.  Keep in mind that I will instruct you at the end of the trial about

determining the credibility or "believability" of the witnesses.  During the trial you should keep

an open mind and should not form or express any opinion about the case until you have heard all

of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the

law.

Now, we have talked about evidence.  What is evidence?  The evidence in the case will

consist of the following:

- The sworn testimony of the witnesses, no matter who called a witness.

- All exhibits received in evidence, regardless of who may have produced the exhibits.

- All facts that may have been judicially noticed and that you must take as true for purposes of this case.

- Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

- Statements and arguments of the lawyers are ***not*** evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

- Also, I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence that lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  If I sustain or uphold an objection to a questions that goes unanswered by the witness, you should not draw any inferences or conclusions from the question.  You should not infer or conclude from any ruling

or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

Now, if I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.  Moreover, some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

During this trial, however, I will permit you to take notes.  You are not required to take notes.  If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.  Because many courts do not permit note-taking by jurors, a word of caution is in order.  You must not allow your note-taking to distract you from the proceedings.  Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  In addition, you should not permit anyone to discuss the case in your presence.  Additionally, the lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

**Authority:**  KEVIN F. O'MALLEY ET AL., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL, §§ 101:01-02; 101:15; 101:40-41(6th ed. 2011).

**Joint Proposed Jury Instruction No. 2:**

### PRELIMINARY INSTRUCTION TO BE GIVEN AFTER CLOSINGS

Ladies and gentlemen, at this point in the trial I will instruct you on the applicable law, and then you will retire for your final deliberations.

Before doing so, the Court wishes to thank you once again for the service you have rendered as jurors in discharging one of your most important duties as citizens.

Now, it is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

6

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

**Defendants' Proposed Jury Instruction No. 3:**

## ISSUES TO BE DECIDED

Now, as you have heard, this case involves a claim of copyright infringement with respect to the one page of instructions contained in each book in a series of 96 (or more) page Hangman game books published by Defendant Sterling Publishing Co., Inc.  Sterling published several of these books under the name of Plaintiff Michael Ward (which I will call the "Original Sterling Books"), and five of these books were published by Sterling under other names (which I will call the "Challenged Sterling Books").  There are five Challenged Sterling Books.  Sterling published three of the Challenged Sterling Books under the fictional name "Jack Ketch."  The fourth was published under the name of author and Defendant Francis Heaney, and the fifth was published under the name of author and Defendant Patrick Blindauer.

As you have heard at various times in this trial, Plaintiff has accused Defendants of infringing his alleged rights in more than just this single page of game instructions.  To be clear, however, the only questions that remain outstanding for you to decide relate to the instructions contained in the Challenged Sterling Books.  You are not being asked to decide any claims or questions with respect to any other portion of the Challenged Sterling Books.

Plaintiff claims that he owns a United States copyright in the game instructions that appear in what I have called the Original Sterling Books.  He further claims that the game instructions that appear in the Challenged Sterling Books infringe that copyright.  Sterling and the other Defendants, on the other hand, deny Plaintiff's claim.  In particular, Defendants first deny that Plaintiff even owns any copyright in the game instructions that appear in the Original Sterling Books, because, according to Defendants, Plaintiff did not author those instructions, but rather, Sterling authored the instructions.  In addition, Defendants take the position that even if Plaintiff were the author and copyright owner of the game instructions that appear in the Original

8

Sterling Books, the game instructions that appear in the Challenged Sterling Books do not infringe that copyright.  These are the issues on which you will be focusing, and which you will be called upon to decide.

I will now explain the relevant law that you must apply when considering Plaintiff's claim and Defendants' defenses to that claim.

**Defendants' Position:**  Defendants' proposed instruction more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51). Further, Plaintiff's reference to a "compilation" is irrelevant and confusing, as no copyrights relating to compilations are at issue in this case.

**Plaintiff's Proposed Jury Instruction No. 3:**

## ISSUES TO BE DECIDED

Now, as you have heard, this case involves multiple claims of copyright infringement by the Defendants with respect to the text and compilation of the Ward Books which Plaintiff Mike Ward is the Author and Proprietor of the series "Scratch Hangman"  which was published by Defendant Sterling Publishing Co., Inc.  Sterling published approximately 40 of these books under the name of Plaintiff Michael Ward (which I will call the "Ward Books"), and five of these books were published by Sterling, three under the fictional name "Jack Ketch,"  one was published under the name of the Sterling employee and listed author Defendant Francis Heaney, and the fifth was published under the name of the Sterling employee and listed author Defendant Patrick Blindauer.

As you have heard at various times in this trial, Plaintiff has accused Defendants of infringing his alleged rights in more than just this  of "text," "entire text," or "compilation".  To be clear, however, the only questions that remain outstanding for you the jury to decide relate to the instructions contained in the Challenged Books and whether those instructions are identical to or substantially similar to the Ward Books.

Defendant on Plaintiff's behalf registered Mike Ward as the Author of the "text," "entire text," or "compilation" with the United States Copyright Office for what I have called the Ward Books.  Plaintiff claims that the "text," "entire text," or "compilation" that appear in the Challenged Books infringe those copyrights insofar as they are either identical or substantially similar to the Ward Books "text," "entire text," or "compilation."  Sterling and the other Defendants, on the other hand, deny Plaintiff's claim.  In particular, Defendants first deny that Plaintiff even owns any copyright in the "text," "entire text," or "compilation" that appear in the Ward Books, because, according to Defendants, Plaintiff did not author those instructions.  In

10

addition, Defendants take the position that even if Plaintiff were the author and copyright owner of the "text," "entire text," or "compilation" that appear in the Ward Books, the "text," "entire text," or "compilation" that appear in the Challenged Books do not infringe that copyright. These are the issues on which you will be focusing, and which you will be called upon to decide.

I will now explain the relevant law that you must apply when considering Plaintiff's claim and Defendants' defenses to that claim.

**Joint Proposed Introductory Jury Instruction No. 4:**

## GENERAL INSTRUCTION REGARDING BURDEN OF PROOF

Before we get started, I would like to give you some general instructions about who is responsible for proving the elements of this case, and your consideration of the evidence.

*Burden of Proof* - As the complaining party, Plaintiff has the burden of proof with respect to each element of his claim for copyright infringement.  To satisfy his burden of proof, Plaintiff must establish each element of his claim by the preponderance of the evidence, a term I will define for you.

*Preponderance of the Evidence* - Preponderance of the evidence means that, considering all the evidence, the facts asserted by Plaintiff are more probably true than false or, stated alternatively, more likely true than not true.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Credibility of Witnesses* - In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the

witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

 **Authority:**  KEVIN F. O'MALLEY ET AL., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL, §§ 104.01-02; 159.49 (5th ed. 2009); KEVIN F. O'MALLEY ET AL., 3 FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL, § 101:43 (6th ed. 2011); *Nissho-Iwai Co., v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir. 1983).

**Defendants' Proposed Copyright Jury Instruction No. 5:**

## COPYRIGHT — PRELIMINARY INSTRUCTION

A "copyright" is a legal term for the protection that the law extends to the author of an original work against the unauthorized copying of that work by others.  The term "copyright" is derived from the fact that the author has the exclusive right to authorize copies of the work.  Because these rights are exclusive, if someone else copies the work without authorization, they may be said to have "infringed" the copyright, provided that all the elements of infringement have been shown.

The term "work," when used in connection with the term "copyright," refers to any material that is subject to protection under the copyright laws.

In this context, the requirement that the work be "original" means that the work was independently created by the author, and that it possesses at least some minimal degree of creativity.  Words and phrases such as names, titles, common expressions, and slogans do not meet these requirements, and are not protectable by copyright.

In this case, Plaintiff claims that Defendants have infringed his copyright in the single page of game instructions that appear in the Original Sterling Books by publishing the game instructions pages that appear in the Challenged Sterling Books.

In response, Defendants claim that Plaintiff did not author the single page of game instructions that appear in the Original Sterling Books.  Rather, Defendants contend that Sterling authored those instructions, and any contributions made by Plaintiff were either ideas that are not protectable under copyright law, or were too minimal and unoriginal to rise to the level of authorship.  Accordingly, Defendants claim that Plaintiff does not own any copyright in the single page of game instructions that appear in the Original Sterling Books.  Defendants further contend

14

that even if you decide that Plaintiff authored the game instructions that appear in the Original Sterling Books, they have not infringed any copyright in those instructions.

**Authority:**  17 U.S.C. §§ 101, 102, 106 and 501; 37 C.F.R. § 202.1(a); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345-46 (1991); *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006); *Yurman Design, Inc. v. Paj, Inc.*, 262 F.3d 101, 108-10 (2d Cir. 2001); *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 993 n.5 (2d Cir. 1980).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's reference to a "compilation" is irrelevant and confusing, as no copyrights relating to compilations are at issue in this case.

**Plaintiff's Proposed Copyright Jury Instruction No. 5:**

## COPYRIGHT — PRELIMINARY INSTRUCTION

A "copyright" is a legal term for the protection that the law extends to the author of an original work against the unauthorized copying of that work by others. The term "copyright" is derived from the fact that the author has the exclusive right to authorize copies of the work as well as derivatives of the work. Because these rights are exclusive, if someone else copies the work without authorization, they may be said to have "infringed" the copyright, provided that all the elements of infringement have been shown.

The term "work," when used in connection with the term "copyright," refers to any material that is subject to protection under the copyright laws.

In this context, the requirement that the work be "original" means that the work was independently created by the author, and that it possesses at least some minimal degree of creativity. Words and phrases such as names, titles, common expressions, and slogans do not meet these requirements, and are not protectable by copyright.

In this case, Plaintiff claims that Defendants have infringed his copyright in the words, text, and compilations that appear in the Ward Books by publishing either identical or substantially similar words, texts, or compilations in the Challenged Books. Plaintiff claims that he is the author and proprietor of the Ward Books and that any copyrightable items or elements therein belong to him because Defendant Sterling had a duty to register copyrights in the Work in the United States in Ward's name, which they did do for the Ward Books.

The copyright registrations that Defendant Sterling obtained on Ward's  behalf listed Ward as the Author and specifically stated that Ward was either the author of the text, the entire text, or the compilation. At an earlier stage of this lawsuit the court determined that there was a question of fact for a jury to decide as to whether "literal or closely paraphrased copying" occurred noting

that the instructions accompanying at least one of the Ward Books (Tough Hangman) are identical to those in one of the Challenged Books (Science Hangman).

Defendants claim that Plaintiff did not actually author anything in the Ward books other than the "gameplay words" (the answers to the hangman puzzles contained in the books) which they did not copy in the Challenged Books.  With respect to the instructions, the Defendants contend that Sterling authored the instructions, and any contributions made by Plaintiff were either ideas that are not protectable under copyright law, or were too minimal and unoriginal to rise to the level of authorship.   Defendants further contend that even if you decide that Plaintiff authored the "text," "entire text," or "compilation" that appear in the Ward Books, they have not infringed any copyright in those instructions.

**Authority:**  17 U.S.C. §§ 101, 102, 106 and 501; 37 C.F.R. § 202.1(a); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345-46 (1991); *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006); *Yurman Design, Inc. v. Paj, Inc.*, 262 F.3d 101, 108-10 (2d Cir. 2001); *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 993 n. 5 (2d Cir. 1980).

**Defendants' Proposed Copyright Jury Instruction No. 6:**

## COPYRIGHT — HOW OBTAINED

I will now instruct you on the law as to how a party obtains copyright protection for a work of authorship.  Copyright protection automatically exists in a work the moment it is created.  A copyright may be registered by depositing a copy of the copyrighted work in the Copyright Office of the Library of Congress.  After the Copyright Office determines that the material constitutes copyrightable subject matter and that the legal and formal requirements for registration are satisfied, the Register of Copyrights registers the work, and issues a certificate of registration to the person listed as copyright owner on the application.

There is no administrative investigation by the Copyright Office as to the authorship, originality, or uniqueness of the work, nor is there a determination of the validity of the claim.  A certificate of registration is refused only if the work falls outside the broad category of matter eligible for copyright registration.  Therefore, while the existence of a certificate of registration creates a presumption that the copyright registrant is the owner of the copyright, the evidence may rebut that presumption both as to the issue of who owns the copyright, and as to whether the person listed on the registration certificate is in fact the author of the copyrighted work.

**Authority:**  KEVIN F. O'MALLEY ET AL., 3B FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL, § 160:3 (6th ed. 2014); 17 U.S.C. §§ 407-409; *Richard J. Zitz, Inc. v. Pereira*, 225 F.3d 646, 2000 WL 1239830, at *3-4 (2d Cir. Aug. 31, 2000); *Woods v. Bourne Co.*, 60 F.3d 978, 990 (2d Cir. 1995).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

**Plaintiff's Proposed Copyright Jury Instruction No. 6:**

## COPYRIGHT — HOW OBTAINED

I will now instruct you on the law as to how a party obtains copyright protection for a work of authorship.  Copyright protection automatically exists in a work the moment it is created.  A copyright may be registered by depositing a copy of the copyrighted work in the Copyright Office of the Library of Congress.  After the Copyright Office determines that the material constitutes copyrightable subject matter and that the legal and formal requirements for registration are satisfied, the Register of Copyrights registers the work, and issues a certificate of registration to the person listed as copyright owner on the application.

There is no administrative investigation by the Copyright Office as to the authorship, originality, or uniqueness of the work, nor is there a determination of the validity of the claim.  A certificate of registration is refused only if the work falls outside the broad category of matter eligible for copyright registration.  The existence of a certificate of registration creates a presumption that the copyright is valid and that the facts set forth on that certificate are true and correct.  This means that you the jury must find that the copyright is valid and that each of the facts set forth in the certificate is true unless the defendant has proven by a preponderance of the evidence that either:

1.  The copyright is invalid in accordance with instructions I will give you about invalidity, or

2.  A fact contained in the certificate is not true.

**Authority:**  17 U.S. C .§ 401(c) (2006); Andrien v. S. Ocean County Chamber of Commerce, 927 F.2d 132, 134 (3d Cir. 1991); Carol Barnhardt Inc. v. Economy Cover Corp., 773 F.2d 411, 414 (2d Cir. 1985); Original Appalachian Art-works, Inc. v. Toy Loft, Inc., 684 F.2d 821, 826 (11th Cir. 1982).

**Defendants' Proposed Copyright Jury Instruction No. 7:**

<h2 style="text-align:center">COPYRIGHT — CERTIFICATE OF REGISTRATION</h2>

In this case, Plaintiff has submitted Certificates of Registration issued by the Register of Copyrights as evidence that he owns the copyright in the single page of game instructions that appear in the Original Sterling Books.  The Certificates of Registration that have been received into evidence do not make any specific reference to the single page of game instructions that appear in the Original Sterling Books to which they relate.  Rather, the Certificates of Registration state that Plaintiff's copyright protection in those books is limited to the "text" that appears in them.  Plaintiff contends that this reference to "text" was intended to include the game instructions page, in addition to the words that constitute the solutions to the individual Hangman puzzles in the book.  Defendants contend that this reference to "text" was not intended to include the game instructions page, but rather only to encompass the words that constitute the solutions to the individual Hangman puzzles.  Defendants further contend that even if the term "text" could be interpreted to include the game instructions page, Plaintiff cannot be considered the copyright owner of the instructions, because he did not author them.

Even if you find, however, that the word "text" may be interpreted to include the instructions, in which case Plaintiff may be presumed to own a copyright registration encompassing the instructions, this does not mean that you must find that Plaintiff actually owns a copyright in the instructions.  To the contrary, if you find that Defendants have come forward with evidence casting doubt on:  (1) whether the Certificates of Registration were intended to cover the instructions; or (2) whether Plaintiff actually authored the instructions, then you should not presume that Plaintiff owns any copyright in the game instructions that appear in the Original Sterling Books.  Instead, Plaintiff once again bears the burden of proving by a preponderance of evidence that he is the author of those instructions, as I will explain to you in a moment.

**Authority:**  17 U.S.C. § 410(c); *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 166-67 (2d Cir. 2003) (agreeing with the Register of Copyrights that "all that the statutory presumptions flowing from the certificates of registration do is to shift the burden of going forward" and that, "[w]here other evidence in the record casts doubt on the question, validity will not be assumed"); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003) ("To rebut the presumption, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." (citation omitted)); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980) ("It is clear, however, that a certificate of registration creates no irrebuttable presumption of copyright validity.  Where other evidence in the record casts doubt on the question, validity will not be assumed."); *William A. Graham Co. v. Haughey*, 430 F. Supp. 2d 458, 467 (E.D. Pa. 2006) (a certificate of registration merely "shifts to the alleged infringer the burden of production of evidence of the invalidity of a copyright"); *Van Cleef & Arpels, Inc. v. Schechter*, 308 F. Supp. 674, 676-77 (S.D.N.Y. 1969) ("[T]he initial burden is on the defendant to introduce evidence sufficient to overcome this presumptive validity.  However, upon proof by the defendant of facts contrary to those stated in the Certificate of Registration, the burden of overcoming this evidence shifts to the plaintiff." (citations omitted)).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's

reference to a "compilation" is irrelevant and confusing, as no copyrights relating to compilations are at issue in this case.

In addition, to the extent Plaintiff's instruction suggests that there may be a licensing or work-for-hire relationship between the parties, the Court has rejected this argument as "belied by the plain language" of the parties' publishing agreements.  *Ward v. Barnes & Noble, Inc.*, 2015 WL 765833, at *8 (S.D.N.Y. Feb. 23, 2015) (Dkt. 38).

**Plaintiff's Proposed Copyright Jury Instruction No. 7:**

## COPYRIGHT — CERTIFICATE OF REGISTRATION

In this case, Plaintiff has submitted Certificates of Registration issued by the Register of Copyrights as evidence that he owns the copyright in the text, entire text, and compilation that appear in the Ward Books.  The Certificates of Registration state that Plaintiff's copyright protection in the Ward Books extends at a minimum to the "text," "entire text," and "compilation" that appears in them.  Plaintiff contends that these references to "text," "entire text," and "compilation" necessarily include the text contained on the instruction page. Defendants contend that this reference to "text," "entire text," and "compilation" was not intended to include the "text," "entire text," or "compilation" page, but rather only to encompass the words that constitute the solutions to the individual Hangman puzzles.  Defendants further contend that even if the terms "text," "entire text," and "compilation" could be interpreted to include the instruction page, Plaintiff cannot be considered the copyright owner of the instructions, because he did not author them.  To the contrary, Plaintiff contends that he provided the original copy of the instructions on which the final instructions contained in both the Ward Books and the Challenged Books were based, that he did contribute to the text of the instructions in the Ward Books, and that he as the "Author and Proprietor" of the Scratch Hangman Works that the Ward Books consist of he ultimately gave his authorization as to the inclusion or exclusion of the "text," "entire text," and "compilation."  Plaintiff further contends that Sterling's registration of the copyrights in his name as author of the "text," "entire text," and "compilation" of the Ward Books is a de facto admission of Ward's sole ownership of the Works.

**Authority:**  17 U.S.C. § 410(c); *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 166-67 (2d Cir. 2003); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003); *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir.

1980); *William A. Graham Co. v. Haughey*, 430 F. Supp. 2d 458, 467 (E.D. Pa. 2006); *Van Cleef & Arpels, Inc. v. Schechter*, 308 F. Supp. 674, 676-77 (S.D.N.Y. 1969).

**Defendants' Proposed Copyright Jury Instruction No. 8:**

## COPYRIGHT — PROOF OF OWNERSHIP

To own the copyright in the work at issue in this case, namely, the single page of game instructions that appear in the Original Sterling Books, Plaintiff must prove one very important threshold fact by a preponderance of the evidence — that he is the author of these instructions.

Thus, if you find that Plaintiff did not author the single page of game instructions that appear in the Original Sterling Books, Plaintiff cannot be considered the owner of the copyright in these instructions, and you must find that Defendants have not infringed any copyright owned by Plaintiff.

**Authority:**  ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION § 1.3.1; 17 U.S.C. §§ 201, 501(b).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's reference to a "compilation" is irrelevant and confusing, as no copyrights relating to compilations are at issue in this case.

**Plaintiff's Proposed Copyright Jury Instruction No. 8:**

**COPYRIGHT — PROOF OF OWNERSHIP**

To own the copyright in the work at issue in this case, namely, the "text," "entire text," and "compilation" in the Ward Books, Plaintiff must prove by a preponderance of the evidence that he is the author of the instructions.

Thus, if you find that Plaintiff is not the author the "text," "entire text," or "compilation" that appear in the Ward Books, Plaintiff is not considered the owner of the copyright in these instructions, and you must find that Defendants have not infringed any copyright owned by Plaintiff.

**Authority:**  ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION § 1.3.1; 17 U.S.C. §§ 201, 501(b).

**Defendants' Proposed Copyright Jury Instruction No. 9:**

### COPYRIGHT — PROOF OF AUTHORSHIP

Plaintiff claims that he is the owner of the copyright in the single page of game instructions that appear in the Original Sterling Books.  In order to find that Plaintiff is the owner, you must find that he is the author of these instructions.  In order for you to find that Plaintiff is the author of these instructions, Plaintiff must prove by a preponderance of the evidence that he actually wrote them.  If, on the other hand, you find that Plaintiff simply provided ideas for the instructions that appear in the Original Sterling Books, and that Defendant Sterling actually wrote the instructions, then Plaintiff cannot be considered the author of the instructions.

If you find that Plaintiff has met this burden of proof and shown by a preponderance of the evidence that he actually wrote the instructions that appear in the Original Sterling Books, then and only then may you find that Plaintiff is the author of these game instructions.

If you find that Plaintiff merely provided ideas for the instructions that appear in the Original Sterling Books, and it was actually Defendant Sterling that wrote the instructions, then Plaintiff cannot be considered the author, and you must find that Defendants have not infringed any copyright owned by Plaintiff.

**Authority:**  17 U.S.C. §§ 102, 201(a); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989); *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 165 (2d Cir. 2003); ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION § 1.3.2.

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when

deciding this case.  Indeed, the authorities cited by Plaintiff support Defendants' instruction on the law.  The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's reference to a "compilation" is irrelevant and confusing, as no copyrights relating to compilations are at issue in this case.

In addition, Plaintiff's proposed instruction improperly conflates the issue of authorship and infringement by suggesting that the jury can find that Plaintiff was the author of the instructions if it finds that Plaintiff "actually wrote them or that a literal or closely paraphrased copying of his instructions occurred."  That is an incorrect proposition as a matter of law.

**Plaintiff's Proposed Copyright Jury Instruction No. 9:**

**COPYRIGHT — PROOF OF AUTHORSHIP**

Plaintiff claims that he is the owner of the copyright in the "text," "entire text," and "compilations" that appear in the Ward Books.  In order to find that Plaintiff is the owner, you must find that he is the author of the instructions or that a literal or closely paraphrased copying of his instructions occurred.  In order for you to find that Plaintiff is the author of the instructions, Plaintiff must prove by a preponderance of the evidence that he actually wrote them or that a literal or closely paraphrased copying of his instructions occurred.  If, on the other hand, you find that Plaintiff simply provided ideas for the instructions that appear in the Ward Books, and that Defendant Sterling actually wrote the instructions, then Plaintiff is not considered tobe the author of the instructions.

If you find that Plaintiff has met this burden of proof and shown by a preponderance of the evidence that he actually wrote the instructions or that a literal or closely paraphrased copying of his instructions occurred which appear in the Ward Books, then you must find that Plaintiff is the author of the "text," "entire text," and "compilation" found in the Ward books.

If you find that Defendants have successfully rebutted the presumption of ownership by Ward afforded to him by the copyright registration and that the Defendants have proven by a preponderance of the evidence that they authored the "text," "entire text," or "compilation" that appear in the Ward Books, and it was actually Defendant Sterling that wrote the instructions, then Plaintiff cannot be considered the author, and you must find that Defendants have not infringed any copyright owned by Plaintiff.

**Authority:**  17 U.S.C. §§ 102, 201(a); *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989); *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149,

165 (2d Cir. 2003); ABA Section of Litigation, Model Jury Instructions: Copyright, Trademark, and Trade Dress Litigation § 1.3.2.

**Defendants' Proposed Copyright Jury Instruction No. 10:**

## COPYRIGHT — IDEA VERSUS EXPRESSION

In deciding whether or not Plaintiff authored the game instructions at issue in this case, there is an important part of copyright law that you should be aware of, and as to which I will now instruct you.

Copyright law allows the author of an original work to prevent others from copying the author's work. However, only the author's particular expression of an idea can be copyrighted. Copyright law does not give anyone the exclusive rights to the <u>ideas</u> underlying a work. This means that copyright protection does not cover concepts, principles, processes, or methods expressed in or described, depicted, or implemented by a work. Accordingly, in order to be the author of a work, the party must have actually been the one who created the particular expression that appears in the work. In this case, the particular expression would be the actual words of the game instructions that appear in the Original Sterling Books. Therefore, if you find, for example, that Plaintiff only contributed the idea for the game instructions, but that Sterling actually wrote the instructions, then you must find that it is Sterling, not Plaintiff, that is the author of the instructions that appear in the Original Sterling Books.

**Authority:** KEVIN F. O'MALLEY ET AL., 3B FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL, § 160:4, at 17.3 (6th ed. 2014); ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION §§ 1.4.4, 1.4.7; 17 U.S.C. § 102(b); *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 359-60 (1991); *Baker v. Selden*, 101 U.S. 99, 103 (1879); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707-09 (2d Cir. 1992); *Affiliated Hosp. Prods., Inc. v. Merdel Game Mfg. Co.*, 513 F.2d 1183, 1188 (2d Cir. 1975).

**Defendants' Position:**   As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."   *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's reference to a "compilation" in this instructions  is irrelevant and confusing, as no compilations are at issue in this case.

In addition, to the extent that Plaintiff's instruction suggests that there may be a licensing or work-for-hire relationship between the parties, the Court has rejected this argument as "belied by the plain language" of the parties' publishing agreements.  *Ward v. Barnes & Noble, Inc.*, 2015 WL 765833, at *8 (S.D.N.Y. Feb. 23, 2015) (Dkt. 38).

**Plaintiff's Proposed Copyright Jury Instruction No. 10:**

## COPYRIGHT — IDEA VERSUS EXPRESSION

In deciding whether or not Plaintiff authored the "text," "entire text," and "compilation" at issue in this case, there is an important part of copyright law that you should be aware of, and as to which I will now instruct you.

Copyright law allows the author of an original work to prevent others from copying the author's work.  Copyright law protects original works of authorship fixed in any tangible medium of expression from which they can be reproduced, however in no case does copyright protection extend to any idea regardless of the form.  This means that copyright protection does not cover concepts, principles, processes, or methods expressed in or described, depicted, or implemented by a work.  Instead, in order to be the author of a work, the party must have actually been the one who created the particular expression that appears in the work or the work must have been done at his direction if it was a work made for hire.  In this case, the particular expression would be the "text," "entire text," or "compilation" that appear in the Ward Books.

**Authority:**  KEVIN F. O'MALLEY ET AL., 3B FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL, § 160:4, at 17.3 (6th ed. 2014); ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION §§ 1.4.4, 1.4.7; 17 U.S.C. § 102(b); *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 359-60 (1991); *Baker v. Selden*, 101 U.S. 99, 103 (1879); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707-09 (2d Cir. 1992); *Affiliated Hosp. Prods., Inc. v. Merdel Game Mfg. Co.*, 513 F.2d 1183, 1188 (2d Cir. 1975).

**Defendants' Proposed Copyright Jury Instruction No. 11:**

**COPYRIGHT — ELEMENTS OF INFRINGEMENT**

I will now instruct you on the law of copyright infringement.  In listening to this instruction, please keep in mind that you will only be asked to address the issue of infringement if you find that Plaintiff authored the game instructions that appear in the Original Sterling Books, and is therefore the owner of copyright in those instructions.  If you so find, then and only then should you move on to the question of whether any of the Challenged Sterling Books infringe Plaintiff's copyright.

As I mentioned earlier, Plaintiff contends that Defendants infringed his copyright in the game instructions that appear in the Original Sterling Books.  To demonstrate such infringement, Plaintiff must prove the following elements by a preponderance of the evidence:

1. Defendants' unauthorized copying of the game instructions that appear in the Original Sterling Books; and

2. Substantial similarity between the protectable elements of the game instructions that appear in the Original Sterling Books, and the game instructions that appear in each of the Challenged Sterling Books.

You must consider these questions on an individual basis for each of the Challenged Sterling Books.

**Authority:**  17 U.S.C. §§ 106, 501; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir. 2005); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's reference to a "compilation" in this instructions  is irrelevant and confusing, as no compilations are at issue in this case.

**Plaintiff's Proposed Copyright Jury Instruction No. 11:**

## COPYRIGHT — ELEMENTS OF INFRINGEMENT

I will now instruct you on the law of copyright infringement.  In listening to this instruction, please keep in mind that you will only be asked to address the issue of infringement if you find that Plaintiff authored the "text," "entire text," or "compilation" that appear in the Ward Books, and is therefore the owner of copyright in those instructions.  If you so find, then and only then should you move on to the question of whether any of the Challenged Books infringe Plaintiff's copyright.

As I mentioned earlier, Plaintiff contends that Defendants infringed his copyright in the "text," "entire text," or "compilation" that appear in the Ward Books.  To demonstrate such infringement, Plaintiff must prove the following elements by a preponderance of the evidence:

1.  Defendants' unauthorized copying of the "text," "entire text," or "compilation" that appear in the Ward Books; and

2.  Substantial similarity between the protectable elements of the "text," "entire text," or "compilation" that appear in the Ward Books, and the "text," "entire text," or "compilation" that appear in each of the Challenged Books.

You must consider these questions on an individual basis for each of the Challenged Books.

**Authority:**  17 U.S.C. §§ 106, 501; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir. 2005); *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995).

**Defendants' Proposed Copyright Jury Instruction No. 12:**

## COPYRIGHT — SUBSTANTIAL SIMILARITY

As I said previously, if and only if you have found that Plaintiff is the author of, and therefore the owner of the copyright in, the single page of game instructions that appear in the Original Sterling Books, then you must next consider whether that copyright has been infringed by any of the Challenged Sterling Books.  If, on the other hand, you have found that Plaintiff is not the author and/or does not otherwise own the copyright in the game instructions that appear in the Original Sterling Books, then your deliberations are over and you must find that there has been no infringement.

You should not interpret the fact that I am giving you instructions about infringement or substantial similarity as an indication in any way that I believe that Plaintiff owns the copyright in the game instructions that appear in the Original Sterling Books, or that this copyright has been infringed.  It is your task first to decide whether Plaintiff even owns that copyright.  I am instructing you on infringement and substantial similarity only so that you will have guidance in the event that you decide that Plaintiff owns the copyright in the game instructions that appear in the Original Sterling Books.

 In order to succeed on his claim of copyright infringement, Plaintiff must prove by a preponderance of the evidence that the game instructions that appear in the Original Sterling Books and in each of the Challenged Sterling Books are substantially similar.  In order to come to this conclusion, you must be satisfied that the game instructions in each Challenged Sterling Book contain sufficient elements of original and protected expression found in the game instructions that appear in the Original Sterling Books.  This analysis must be performed separately for each of the Challenged Sterling Books.

37

It is important for you to note that in order to find substantial similarity for purposes of proving infringement, you are required to focus on and compare only those elements of the game instructions that appear in the Original Sterling Books that you find to be original. You must not consider the elements of the game instructions that appear in the Original Sterling Books that are not Plaintiff's original work of authorship, or are otherwise not protectable under the law of copyright.

In this regard, I am instructing you that at least the following elements of the game instructions that appear in the Original Sterling Books are not protectable:

1. The idea of a single-player scratch-off Hangman game;

2. The words necessary in order to explain how to play a single-player scratch-off Hangman game; and

3. Simple and ordinary phrases and common terms that you might expect to see in any set of game instructions.

Therefore, you may only find infringement with respect to a particular Challenged Sterling Book if you find that Plaintiff has shown, by a preponderance of the evidence, that the ordinary person, when reading that book's game instructions, would find those instructions to be substantially similar to the game instructions that appear in the Original Sterling Books, in terms of their protectable elements. In order to do that, you must first determine what, if any, elements of the game instructions that appear in the Original Sterling Books constitute original and protectable expression. After that, you must determine whether the instructions that appear in each of the Challenged Sterling Books contain substantially similar expressions of those protectable elements. As I just mentioned, this analysis must be performed separately, on an individual basis, for each of the five Challenged Sterling Books.

As I have also mentioned, any copyright protection for game instructions is very narrow. Accordingly, it is not enough that the idea of the instructions is the same. Where there are only a limited number of ways to express an idea, copyright law permits others to use the same or similar expressions of that idea to the extent necessary to convey the idea. Otherwise, it would be difficult, if not impossible, to express the idea.

Instructions on how to play a game may be an example of this. Any copyright protection afforded game instructions is very narrow, because there are only a limited number of ways to explain how to play a game. Applying that principle to this case, anyone is free to use the words needed to explain how to play a single-player scratch-off Hangman game.

Therefore, you may only find substantial similarity if you find that the instructions that appear in the Challenged Sterling Books literally copied or closely paraphrased the protectable elements of the instructions that appear in the Original Sterling Books. If you do not find that Defendants literally copied or closely paraphrased the protectable elements of the instructions that appear in Original Sterling Books in any of the Challenged Sterling Books, then you must find that there has been no infringement of any copyright Plaintiff may own in these instructions.

**Authority:** 17 U.S.C. § 102(b); 37 C.F.R. § 202.1(a) ("Words and short phrases such as names, titles, and slogans" are "not subject to copyright"); *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 344-45, 359-60 (1991); *Baker v. Selden*, 101 U.S. 99, 103 (1879) (copyright law does not protect the expression necessary to explain an idea or concept); *Boone v. Jackson*, 206 F. App'x 30, 33 (2d Cir. 2006) ("it is well-established that common phrases are not protectable under copyright"); *Yurman Design, Inc. v. Pai, Inc.*, 262 F.3d 101, 108-12 (2d Cir. 2001) ("if there is just one way to express an idea, the idea and expression are said to merge, and the expression is not protectable"); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707-09 (2d Cir. 1992) (copyright law "denies copyright protection to expression necessarily

incidental to the idea being expressed"); *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992);

*Affiliated Hosp. Prods., Inc. v. Merdel Game Mfg. Co.*, 513 F.2d 1183, 1188 (2d Cir. 1975)

("The rules of the game are perforce in the public domain as well as the game itself. Affiliated's

copyright only protects Affiliated's arrangement of the rules and the manner of their presentation,

and not their content. Here, however, the simplicity of the games makes the subject matter

extremely narrow, and the distinction between substance and arrangement blurs."); *Gross v.*

*Seligman*, 212 F. 930, 931 (2d Cir. 1914); *Ward v. Barnes & Noble, Inc.*, 2015 WL 765833, at *8

(S.D.N.Y. Feb. 23, 2015) ("while the idea upon which a game is based cannot be copyrighted

...the wording of instructions for the playing of a game is itself copyrightable so as to prevent a

literal or closely paraphrased copying" (quotations omitted)); *Oriental Art Printing, Inc. v.*

*Goldstar Printing Corp.*, 175 F. Supp. 2d 542, 546 (S.D.N.Y. 2001); *Eastern Am. Trio Prods.,*

*Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417-18 (S.D.N.Y. 2000); *DeBitetto, D.V.M. v.*

*Alpha Books*, 7 F. Supp. 2d 330 (S.D.N.Y. 1998); *Kisch v. mmirati & Puris*, 657 F. Supp. 380,

382-83 (S.D.N.Y. 1987); KEVIN F. O'MALLEY ET AL., 3B FEDERAL JURY PRACTICE AND

INSTRUCTIONS CIVIL, § 160:4, at 17.3 (6th ed. 2014); ABA SECTION OF LITIGATION, MODEL JURY

INSTRUCTIONS: COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION §§ 1.4.4, 1.4.7.

 **Defendants' Position:**  As the above citations demonstrate, Defendants' proposed

instruction accurately conveys the relevant law on this issue that the jury must apply when

deciding this case.  The jury should be instructed with respect to that law.

 Defendants' proposed instruction also more accurately describes the sole claim remaining

in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes &*

*Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's

reference to a "compilation" in this instructions  is irrelevant and confusing, as no compilations

are at issue in this case.

In addition, Defendants' proposed instruction is consistent with the law of copyright as it relates to the idea/expression dichotomy.  Specifically, it explains that, as the above citations demonstrate: (1) ideas are not protectable; (2) words necessary to explain how to play a game are not protectable, because otherwise copyright would extend to the idea of the game itself; and (3) common words and phrases are not protectable.  Plaintiff's proposed instruction does not explain how these rules apply to this case, and may result in jury confusion or improper application of the law to the facts.

**Plaintiff's Proposed Copyright Jury Instruction No. 12:**

## COPYRIGHT — SUBSTANTIAL SIMILARITY

As I said previously, if and only if you have found that Plaintiff is the author of, and therefore the owner of the copyright in, the "text," "entire text," or "compilation" that appear in the Ward Books, then you must next consider whether that copyright has been infringed by any of the Challenged Books.  If, on the other hand, you have found that Plaintiff is not the author and/or does not otherwise own the copyright in the "text," "entire text," or "compilation" that appear in the Ward Books, then your deliberations are over and you must find that there has been no infringement.

You should not interpret the fact that I am giving you instructions about infringement or substantial similarity as an indication in any way that I believe that Plaintiff owns the copyright in the "text," "entire text," or "compilation" that appear in the Ward Books, or that this copyright has been infringed.  It is your task first to decide whether Plaintiff even owns that copyright.  I am instructing you on infringement and substantial similarity only so that you will have guidance in the event that you decide that Plaintiff owns the copyright in the "text," "entire text," or "compilation" that appear in the Ward Books.

In order to succeed on his claim of copyright infringement, Plaintiff must prove by a preponderance of the evidence that the "text," "entire text," or "compilation" that appear in the Ward Books and in each of the Challenged Books are either identical or substantially similar.  In order to come to this conclusion, you must be satisfied that the "text," "entire text," or "compilation" in each Challenged Book contains sufficient elements of original and protected expression found in the "text," "entire text," or "compilation" that appear in the Ward Books.  This analysis must be performed separately for each of the Challenged Book.

It is important for you to note that in order to find substantial similarity for purposes of proving infringement, you are required to focus on and compare only those elements of the "text," "entire text," or "compilation" that appear in the Ward Books that you find to be original works of authorship.  You must not consider the elements of the "text," "entire text," or "compilation" that are otherwise not protectable under the law of copyright.

In this regard, you may only find infringement with respect to a particular Challenged Book if you find that Plaintiff has shown, by a preponderance of the evidence, that the ordinary person, when reading that book's "text," "entire text," or "compilation", would find those instructions to be substantially similar to the "text," "entire text," or "compilation" that appear in the Ward Books, in terms of their protectable elements.  In order to do that, you must first determine what, if any, elements of the "text," "entire text," or "compilation" that appear in the Ward Books constitute original and protectable expression.  After that, you must determine whether the "text," "entire text," or "compilation" that appears in each of the Challenged Books contain substantially similar expressions of those protectable elements.  This analysis must be performed separately, on an individual basis, for each of the five Challenged Books.

You may find substantial similarity exists between the "text," "entire text," and "compilation" in the Ward Books versus the Challenged Books if you find that the "text," "entire text," and "compilation" that appear in the Challenged Books were  literally copied or that they closely paraphrased the protectable elements of the instructions that appear in the Ward Books.  If you do not find that Defendants literally copied or closely paraphrased the protectable elements of the instructions that appear in Ward Books in any of the Challenged Books, then you must find that there has been no infringement of any copyright Plaintiff may own in the "text," "entire text," and "compilation" found in the Ward Books.

**Authority:** *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 359-60 (1991); *Baker v. Selden*, 101 U.S. 99, 103 (1879); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 707-09 (2d Cir. 1992); *Yurman Design, Inc. v. Pai, Inc.*, 262 F.3d 101, 108-10 (2d Cir. 2001); *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992); *Affiliated Hosp. Prods., Inc. v. Merdel Game Mfg. Co.*, 513 F.2d 1183, 1188 (2d Cir. 1975); *Gross v. Seligman*, 212 F. 930, 931 (2d Cir. 1914); *Ward v. Barnes & Noble, Inc.*, 2015 WL 765833, at *8 (S.D.N.Y. Feb. 23, 2015); *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, 175 F. Supp. 2d 542, 546 (S.D.N.Y. 2001); *Eastern Am. Trio Prods., Inc. v. Tang Elec. Corp.*, 97 F. Supp. 2d 395, 417-18 (S.D.N.Y. 2000); *DeBitetto, D.V.M. v. Alpha Books*, 7 F. Supp. 2d 330 (S.D.N.Y. 1998); *Kisch v. mmirati & Puris*, 657 F. Supp. 380, 382-83 (S.D.N.Y. 1987); KEVIN F. O'MALLEY ET AL., 3B FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL, § 160:4, at 17.3 (6th ed. 2014); ABA SECTION OF LITIGATION, MODEL JURY INSTRUCTIONS: COPYRIGHT, TRADEMARK, AND TRADE DRESS LITIGATION §§ 1.4.4, 1.4.7; 17 U.S.C. § 102(b).

**Defendants' Proposed Copyright Jury Instruction No. 13:**

### COPYRIGHT — *DE MINIMIS* USE

In determining whether there has been an infringement of copyright, you may also consider what is known in copyright law as the doctrine of *de minimis* use. The *de minimis* use doctrine essentially provides that where unauthorized copying is sufficiently trivial, the law will not impose any legal consequences. In other words, trivial copying does not constitute copyright infringement.

Most honest citizens in the modern world frequently engage in trivial copying that, but for the *de minimis* use doctrine, might technically be considered a violation of copyright law. For example, we do not hesitate to make a photocopy of a letter from a friend to show to another friend, or of a favorite cartoon to post on the refrigerator. Parents in Central Park photograph their children sitting on the Park's Alice in Wonderland sculpture. Waiters at a restaurant sing "Happy Birthday" at a patron's table. Without the *de minimis* use doctrine, each of these acts might technically be considered an infringement.

When determining whether an act of copying is sufficiently trivial as to be *de minimis*, you may consider the amount of the copyrighted work that was copied. In that regard, Defendants contend that no copying occurred here, but that in any event, any use of words suggested by Plaintiff that did occur here was *de minimis*, and therefore cannot be said to constitute infringement. In addition because the instructions comprise only a single page of these 96 or more page books, while the other pages contain the only text that Plaintiff actually authored for these books, that is, the words that comprise the puzzle solutions, which Defendants are not accused of having copied, then you may find that any use Defendants made of the instructions is a *de minimis* use and therefore not copyright infringement. Plaintiff, on the other hand, contends that Defendants' acts do not constitute *de minimis* use.

**Authority:**  *On Davis v. The Gap, Inc.*, 246 F.3d 152, 161, 172-73 (2d Cir. 2001) (explaining and applying the *de minimis* use doctrine); *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998) (same); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632-33 (S.D.N.Y. 2008) (same).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately states the relevant law on this issue.  The jury should be instructed with respect to that law.

**Plaintiff's Proposed Copyright Jury Instruction No. 13:**

### COPYRIGHT — *DE MINIMIS* USE

Plaintiff does not believe that this instruction should be given.

**Defendants' Proposed Copyright Jury Instruction No. 14:**

## COPYRIGHT — DAMAGES — INTRODUCTION

If you find that Defendants have infringed any copyright owned by Plaintiff in the instructions that appear in the Original Sterling Books, then you must determine Plaintiff's damages, if any.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

You should not interpret the fact that I am giving you instructions about the law concerning damages as an indication in any way that I believe that Plaintiff should, or should not, prevail on his claim for copyright infringement, or be awarded any damages.  It is your task first to decide whether Plaintiff is the author, and therefore the owner of copyright in the game instructions that appear in the Original Sterling Books, and second, if so, whether Defendants have engaged in any act of copyright infringement with respect to any of the Challenged Sterling Books.  I am instructing you on damages only so that you will have guidance in the event you decide in Plaintiff's favor on both of those issues.

**Defendants' Position:**  Defendants' proposed instruction more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's reference to a "compilation" in this instructions  is irrelevant and confusing, as no compilations are at issue in this case.

48

**Plaintiff's Proposed Copyright Jury Instruction No. 14:**

### COPYRIGHT — DAMAGES — INTRODUCTION

If you find that Defendants have infringed any copyright owned by Plaintiff in the "text," "entire text," and "compilation" that appear in the Ward Books, then you must determine Plaintiff's damages, if any.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

You should not interpret the fact that I am giving you instructions about the law concerning damages as an indication in any way that I believe that Plaintiff should, or should not, prevail on his claim for copyright infringement, or be awarded any damages.  It is your task first to decide whether Plaintiff is the author, and therefore the owner of copyright in the "text," "entire text," or "compilation" that appear in the Ward Books, and second, if so, whether Defendants have engaged in any act of copyright infringement with respect to any of the Challenged Books.  I am instructing you on damages only so that you will have guidance in the event you decide in Plaintiff's favor on both of those issues.

**Defendants' Proposed Copyright Jury Instruction No. 15:**

## COPYRIGHT — DAMAGES

If you find that Defendants have infringed Plaintiff's copyright in the game instructions that appear in the Original Sterling Books, then Plaintiff may recover, at his option, either:

1. Statutory damages; or

2. Plaintiff's actual damages, which could either be the damages he actually suffered, or the profits Defendants made that are attributable, that is, reasonably related to, the infringement.

Plaintiff may not recover both statutory damages and actual damages.

In this case, Plaintiff has elected to seek an award of statutory damages.

**Authority:** 17 U.S.C. § 504.

**Defendants' Position:** As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case. The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim." *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51). Further, Plaintiff's reference to a "compilation" in this instructions  is irrelevant and confusing, as no compilations are at issue in this case.

**Plaintiff's Proposed Copyright Jury Instruction No. 15:**

## COPYRIGHT — DAMAGES

If you find that Defendants have infringed Plaintiff's copyright in the "text," "entire text," or "compilation" that appear in the Ward Books, then Plaintiff may recover, at his option, either:

1. Statutory damages; or

2. Plaintiff's actual damages, which could either be the damages he actually suffered, or the profits Defendants made that are attributable, that is, reasonably related to, the infringement.

Plaintiff may not recover both statutory damages and actual damages.

In this case, Plaintiff has elected to seek an award of statutory damages.

**Authority:** 17 U.S.C. § 504.

**Defendants' Proposed Copyright Jury Instruction No. 16:**

## DAMAGES — STATUTORY DAMAGES
### (One Statutory Damages Award Per Copyrighted Work)

By law, no matter how many different ways a party has infringed the same work, each copyrighted work is entitled to only one award of statutory damages. Therefore, before I explain to you how to calculate Plaintiff's statutory damages, if any, I want to make sure you understand that you must make one and only one statutory damages award in this case.

More particularly, in this case you are to regard the game instructions that appear in the Original Sterling Books as a single work, since even though the instructions appear in different copyrighted books, the instructions themselves are the same. To be clear, the fact that these instructions appear in books that were separately registered with the Copyright Office does not mean that you may make multiple statutory damages awards; as I said, there can be only one statutory damages award per work infringed, and here there is only one work at issue.

**Authority:** 17 U.S.C. §§ 101, 504(c)(1); *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 140 (2d Cir. 2010) ("The Copyright Act allows only one award of statutory damages for any 'work' infringed."); *Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1381 (2d Cir. 1993) ("The current statute shifts the unit of damages inquiry from number of infringements to number of works."); *Pavlica v. Behr*, No. 03 CIV. 9628 (DC), 2006 WL 1596763, at *1-3 (S.D.N.Y. June 12, 2006) ("statutory damages are to be awarded based on the number of works infringed and not the number of infringements"); *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003) ("Under the current version of the [Copyright Act], the unit of damages inquiry shifts from the number of infringements to the number of works infringed upon." (quotation omitted)); *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, 548 (S.D.N.Y. 2001) ("Congress simply meant to preclude an author from recovering

multiple statutory damages for infringements of several different versions of a single work.");

*UMG Recordings, Inc. v. MP3.COM, Inc.*, 109 F. Supp. 2d 223, 224 (S.D.N.Y. 2000) ("for the

purpose of computing statutory damages, the relevant unit is not the number of infringements but

the number of infringed "works."); *Macklin v. Mueck*, 2005 WL 1529259, at *1 (S.D. Fla. Jan.

28, 2005) ("the unit of damages is based not on the number of infringements, but on the number

of works infringed upon"); *Cohen v. United States*, 105 Fed. Cl. 733, 743-44 (2012).

     **Defendants' Position:**   As the above citations demonstrate, Defendants' proposed

instruction accurately conveys the relevant law on this issue that the jury must apply when

deciding this case.  The jury should be instructed with respect to that law.  Plaintiff's instruction,

on the other hand, runs directly contrary to the law.  In fact, Plaintiff's proposed instruction is

undermined by his own citations to *UMG Recordings* and *Twin Peaks*, which, as indicated

above, support Defendants' proposed instruction.

**Plaintiff's Proposed Copyright Jury Instruction No. 16:**

## DAMAGES — STATUTORY DAMAGES
**(One Statutory Damages Award Per Copyrighted Work)**

While the "text," "entire text," or "compilation" that appear in the Ward Books may be a single work, the fact that there are five challenged books means that there were five separate works each of which independently is claimed by Plaintiff to have infringed of the "text," "entire text," or "compilation" that appear in the Ward Books which means that you may make separate statutory damages awards for each infringement

**Authority:** 17 U.S.C. §§ 101, 504(c)(1); *Pavlica v. Behr*, No. 03 CIV. 9628 (DC), 2006 WL 1596763, at *1-3 (S.D.N.Y. June 12, 2006); *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003); *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, 548 (S.D.N.Y. 2001); *Cohen v. United States*, 105 Fed. Cl. 733, 743-44 (2012). UMG Recordings, Inc. v. MP3. Com, Inc., 109 F. Supp. 2d 223 - Dist. Court, SD New York 2000.  Twin Peaks Productions v. Publications Intern., 996 F. 2d 1366 - Court of Appeals, 2nd Circuit 1993

**Defendants' Proposed Copyright Jury Instruction No. 17:**

### DAMAGES — STATUTORY DAMAGES
### (One Award for Joint and Several Infringers)

In addition to the fact that there is only one work at issue for the purpose of determining statutory damages, Plaintiff has alleged only one act of infringement against all Defendants, all arising out of the same conduct, *i.e.*, the unauthorized copying of the game instructions that appear in the Original Sterling Books.  Accordingly, if you find that the game instructions that appear in any of the Challenged Sterling Books infringe Plaintiff's copyright, the Defendants involved in the creation, publication and distribution of that book are what is known as joint and several infringers, and Plaintiff may recover only a single statutory damages award against all of them together, within the applicable ranges that I will instruct you on.

**Authority:**  17 U.S.C. § 504(c); *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 140 n.3 (2d Cir. 2010) (plaintiff only was entitled to "one statutory damage award for each infringed work" where defendants were joint infringers); *Agence France Presse v. Morel*, No. 10 civ. 02730(AJN), 2013 WL 2253965, at *5 (S.D.N.Y. May 21, 2013) ("if two or more defendants in an action have jointly infringed a single work, the copyright holder may not elect to seek a statutory damages award for that joint conduct against one defendant individually in order to pursue a separate award against another defendant for the same work"); *Smith v. NBC Universal*, 2008 WL 612696, at *2 n.12 (S.D.N.Y. Feb. 28, 2008) ("The statute clearly contemplates a single award for each work infringed by joint tortfeasors.").

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

**Plaintiff's Proposed Copyright Jury Instruction No. 17:**

## DAMAGES — STATUTORY DAMAGES
### (One Award for Joint and Several Infringers)

Plaintiff does not believe that this instruction should be given.

**Defendants' Proposed Copyright Jury Instruction No. 18:**

### DAMAGES — STATUTORY DAMAGES
**(State of Mind and Corresponding Ranges of Statutory Damages)**

In awarding statutory damages, you must first determine whether Defendants'
infringement was willful.  If you find that Defendants acted willfully (which I will explain how to
determine shortly), Plaintiff may be able to recover a greater amount of statutory damages.  On the
other hand, if you determine that Defendants did not act willfully, the maximum amount of
statutory damages you may award Plaintiff will be lower.  And, if you find that Defendants were
innocent infringers, meaning that they were not aware, and had no reason to believe that their acts
constituted an infringement of Plaintiff's copyright, the minimum amount of statutory damages
you may award is even lower.

Thus, if you find by a preponderance of the evidence that the infringement, if any, was
innocent, you may award Plaintiff between $200 and $30,000 in damages for the infringement.

If you find by a preponderance of the evidence that the infringement, if any, was not
willful, you may award Plaintiff between $750 and $30,000 for the infringement.

If you find by a preponderance of the evidence that the infringement, if any, was willful,
you may award Plaintiff between $750 and $150,000 for the infringement.

**Authority:**  17 U.S.C. §§ 504(c)(1)-(2); *Feltner v. Columbia Pictures Television, Inc.*, 523
U.S. 340, 352 (1998); *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257,
263 (2d Cir. 2005); *GMA Accessories v. Olivia Miller, Inc.*, 139 Fed App'x 301, 303 (2d Cir.
2005); *Knitwaves v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995); *Twin Peaks Prods., Inc. v.
Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993); *Fitzgerald Publ'g Co. v. Baylor Publ'g.
Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986); *EMI Entm't World Inc. v. Karen Records, Inc.*, 806 F.
Supp. 2d 697, 704 (S.D.N.Y. 2011); *Castle Rock Entm't v. Carol Publ'g Grp., Inc.*, 955 F. Supp.

260, 267 (S.D.N.Y. 1997); *Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, No. 04 Civ. 5002(JSR), 2005 WL 2063819, at *3 (S.D.N.Y. Aug. 24, 2005); *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 191 (D. Mass. 2007); *Tommy Hilfiger Licensing, Inc. v. Goody's Family Clothing, Inc.*, 100-CV-1934-BBM, 2003 WL 22331254, at *18 (N.D. Ga. May 9, 2003).

**Defendants' Position:**  According to the clear precedent cited above, and as also explained with respect to Defendants' Proposed Instruction Nos. 16 and 17, if the jury finds infringement, then Plaintiff would be entitled to, at most, one award of statutory damages.  Plaintiff's proposed instruction incorrectly states that multiple statutory damages awards are available.

**Plaintiff's Proposed Copyright Jury Instruction No. 18:**

## DAMAGES — STATUTORY DAMAGES
### (State of Mind and Corresponding Ranges of Statutory Damages)

In awarding statutory damages, you must first determine whether Defendants' infringement was willful.  If you find that Defendants acted willfully (which I will explain how to determine shortly), Plaintiff may be able to recover a greater amount of statutory damages.  On the other hand, if you determine that Defendants did not act willfully, the maximum amount of statutory damages you may award Plaintiff will be lower.  And, if you find that Defendants were innocent infringers, meaning that they were not aware, and had no reason to believe that their acts constituted an infringement of Plaintiff's copyrights, the minimum amount of statutory damages you may award is even lower.

Thus, if you find by a preponderance of the evidence that the infringement, if any, was innocent, you may award Plaintiff between $200 and $30,000 in damages for each infringement.

If you find by a preponderance of the evidence that the infringement, if any, was not willful, you may award Plaintiff between $750 and $30,000 for each infringement.

If you find by a preponderance of the evidence that the infringement, if any, was willful, you may award Plaintiff between $750 and $150,000 for each infringement.

**Authority:**  17 U.S.C. §§ 504(c)(1)-(2); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998); *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *GMA Accessories v. Olivia Miller, Inc.*, 139 Fed App'x 301, 303 (2d Cir. 2005); *Knitwaves v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995); *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993); *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986); *EMI Entm't World Inc. v. Karen Records, Inc.*, 806 F. Supp. 2d 697, 704 (S.D.N.Y. 2011); *Castle Rock Entm't v. Carol Publ'g Grp., Inc.*, 955 F. Supp.

260, 267 (S.D.N.Y. 1997); *Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, No. 04 Civ. 5002(JSR),

2005 WL 2063819, at *3 (S.D.N.Y. Aug. 24, 2005); *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp.

2d 177, 191 (D. Mass. 2007); *Tommy Hilfiger Licensing, Inc. v. Goody's Family Clothing, Inc.*,

100-CV-1934-BBM, 2003 WL 22331254, at *18 (N.D. Ga. May 9, 2003).

**Defendants' Proposed Copyright Jury Instruction No. 19:**

**DAMAGES — WILLFUL OR NOT WILLFUL INFRINGEMENT**

Plaintiff contends that Defendants willfully infringed his copyright in the game instructions that appear in the Original Sterling Books.  Defendants contend that they did not infringe Plaintiff's copyright, and that any infringement was not willful.  Of course, as I said earlier, if you find either that Plaintiff is not the owner of the copyright, or that Defendants did not commit copyright infringement, then you will have no reason to consider whether Defendants infringement was willful or not willful.

You should not interpret the fact that I am giving you instructions about willfulness as an indication in any way that I believe that Defendants have or have not infringed Plaintiff's copyright.  It is your task first to decide whether Defendants are liable for copyright infringement. I am instructing you on willful infringement only so that you will have guidance in the event that you decide that Defendants have engaged in copyright infringement.

To prove willful copyright infringement, Plaintiff must prove by a preponderance of the evidence that Defendants knew that they were infringing Plaintiff's copyright, or that they acted in reckless disregard as to whether they were doing so.  If you conclude that Defendants reasonably and in good faith believed that they were not infringing Plaintiff's copyright — whether because Defendants believed Sterling owned the instructions in the Original Sterling Books or because Defendants did not copy any protectable elements in the instructions that appear in the Original Sterling Books in creating the instructions in each of the Challenged Sterling Books, or otherwise — then you should find that they did not willfully infringe Plaintiff's copyright.  Likewise, if you find that Defendants' infringement was the result of mistake, accident, oversight, or simple negligence, you may not find that Defendants acted willfully.

61

**Authority:**  17 U.S.C. §§ 504(c)(1)-(2); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998); *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *GMA Accessories v. Olivia Miller, Inc.*, 139 Fed App'x 301, 303 (2d Cir. 2005); *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 123 (2d Cir. 2001); *Knitwaves v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995); *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993); *Fitzgerald Publ'g Co. v. Baylor Publ'g. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986); *EMI Entm't World Inc. v. Karen Records, Inc.*, 806 F. Supp. 2d 697, 704 (S.D.N.Y. 2011); *Castle Rock Entm't v. Carol Publ'g Grp., Inc.*, 955 F. Supp. 260, 267 (S.D.N.Y. 1997); *Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, No. 04 Civ. 5002(JSR), 2006 WL 2063819, at *3 (S.D.N.Y. Aug. 24, 2005); *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 191 (D. Mass. 2007); *Tommy Hilfiger Licensing, Inc. v. Goody's Family Clothing, Inc.*, 100-CV-1934-BBM, 2003 WL 22331254, at *18 (N.D. Ga. May 9, 2003).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  Defendants' proposed instruction also provides a more complete presentation of the law on this issue than does Plaintiff's.  The jury should be instructed with respect to that law.

Defendants' proposed instruction also more accurately describes the sole claim remaining in this case, which the Court referred to as the "Instructions Claim."  *See Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) (Dkt. 51).  Further, Plaintiff's reference to a "compilation" in this instructions  is irrelevant and confusing, as no compilations are at issue in this case.

**Plaintiff's Proposed Copyright Jury Instruction No. 19:**

**DAMAGES — WILLFUL OR NOT WILLFUL INFRINGEMENT**

Plaintiff contends that Defendants willfully infringed his copyright in the "text," "entire text," or "compilation" that appear in the Ward Books.  To prove willful copyright infringement, Plaintiff must prove by a preponderance of the evidence that Defendants engaged in acts that infringed the copyright, and that the Defendants knew that those acts infringed the copyright.

**Authority:**  17 U.S.C. §§ 504(c)(1)-(2); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998); *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *GMA Accessories v. Olivia Miller, Inc.*, 139 Fed App'x 301, 303 (2d Cir. 2005); *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 123 (2d Cir. 2001); *Knitwaves v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995); *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993); *Fitzgerald Publ'g Co. v. Baylor Publ'g. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986); *EMI Entm't World Inc. v. Karen Records, Inc.*, 806 F. Supp. 2d 697, 704 (S.D.N.Y. 2011); *Castle Rock Entm't v. Carol Publ'g Grp., Inc.*, 955 F. Supp. 260, 267 (S.D.N.Y. 1997); *Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, No. 04 Civ. 5002(JSR), 2006 WL 2063819, at *3 (S.D.N.Y. Aug. 24, 2005); *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 191 (D. Mass. 2007); *Tommy Hilfiger Licensing, Inc. v. Goody's Family Clothing, Inc.*, 100-CV-1934-BBM, 2003 WL 22331254, at *18 (N.D. Ga. May 9, 2003).

**Joint Proposed Copyright Jury Instruction No. 20:**

**DAMAGES — INNOCENT INFRINGEMENT**

An infringement is considered innocent when the defendants have proved both of the following elements by a preponderance of the evidence:

1. Defendants were not aware that their acts constituted infringement of Plaintiff's copyright; and

2. Defendants had no reason to believe that their acts constituted an infringement of Plaintiff's copyright.

**Authority:**  17 U.S.C. § 504(c)(2).

**Joint Proposed Copyright Jury Instruction No. 21:**

**DAMAGES — STATUTORY DAMAGES**
**(Factors to Consider in Assessing Statutory Damages)**

There are many factors and considerations that could impact your determination of the amount of statutory damages to be awarded.  In this case, you are the ultimate judge of the facts and the appropriate award, within the statutory ranges I have just provided you.

The following are some of the factors that may help guide your assessment of an appropriate statutory damages award, and you may consider any or all of them:

1. Plaintiff's actual damages, if any, caused by the infringement;

2. The profits realized by Defendants that are attributable to the infringement, and I will explain to you in a moment what I mean by the words "attributable to the infringement";

3. The value and/or nature of Plaintiff's copyright;

4. The duration, scope and/or magnitude of infringement;

5. The need to deter Defendants and others like Defendants from committing future copyright infringements; and

6. Defendants' state of mind, including innocence or willfulness.

**Authority:**  17 U.S.C. § 504(b); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 161, 164 (2d Cir. 2001); *Hamil Am., Inc. v. GFI, Inc.*, 193 F.3d 92, 104-05, 108 (2d Cir. 1999); *Gaste v. Kaiserman*, 863 F.2d 1061, 1070-72 (2d Cir. 1988); *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117-18 (2d Cir. 1986); *Stevens Linen Ass., Inc. v. Mastercraft Corp.*, 656 F.2d 11, 15 (2d Cir. 1981); *Int'l Bus. Machines Corp. v. BGC Partners, Inc.*, No. 10 Civ. 128 (PAC), Slip Op., 2013 WL 1775437, *3-5 (S.D.N.Y. Apr. 25, 2013); *Mannion v. Coors Brewing Co.*, 530 F. Supp. 2d 543, 546-47, 551-53 (S.D.N.Y. 2008); *Getaped.com, Inc. v. Cangemi*, 188 F.

65

Supp. 2d 398, 403 (S.D.N.Y. 2002); *NFL v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458,

475 (S.D.N.Y. 2001); *UMG Recordings, Inc. v. MP3.com, Inc.*, 56 U.S.P.Q.2d 1376, 2000 WL

1262568, at *5 (S.D.N.Y. 2000); *Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065, 1068 (S.D.N.Y.

1995); 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.03[B], [C][1], at

14-40 (1996).

**Defendants' Proposed Copyright Jury Instruction No. 22:**

**DAMAGES — STATUTORY DAMAGES**
**(Consideration of Plaintiff's Actual Damages)**

While you should consider each of the foregoing factors in calculating an award of statutory damages, among others, it is important to keep in mind that any statutory damages award that you may render should generally have relation to the amount of actual damages suffered by Plaintiff.

The term "actual damages" means the amount of money adequate to compensate the copyright owner for the actual economic harm he suffered as a direct result of the unauthorized use of the copyrighted work. The term "actual damages" may also mean the reduction of the market value of the copyrighted work caused by the infringement.

In order to prove actual damages, a copyright owner must show that it lost sales or other business opportunities that it would have obtained from the sale or license of the infringed work "but for" the infringement, and must show that it would have made such sales or earned such additional amounts "but for" the infringing activity. Here, this means that Plaintiff would have to show that he would have made more sales or had more business opportunities if Defendants had not infringed the game instructions that appear in the Original Sterling Books. If Plaintiff has not shown this, then you may take this absence of proof into account in determining his statutory damages, if any. Also, you should consider that a copyright holder's loss of a reasonable royalty or license fee for the unauthorized use of a copyrighted work made by a copyright infringer may be his only "actual damages."

Now here I must instruct you again that the only portion of the Challenged Sterling Books that allegedly infringes Plaintiff's copyright in this case is the game instructions page. Therefore, any actual damages to which Plaintiff might be entitled in this case, that is, any loss Plaintiff

claims he may have suffered, must be as a result of Defendants' use of the game instructions page, as opposed to Defendants' sale of the Challenged Sterling Books as a whole, which Defendants had the right to create and sell apart from the questions about the instructions that you are being asked to decide.

**Authority:** 17 U.S.C. § 504(b); *Yurman Studio, Inc. v. Castaneda*, No. 07 CIV. 1241 (SAS), 2008 WL 4949775, at *2 (S.D.N.Y. Nov. 19, 2008) (an award of statutory damages "should bear some relation to actual damages suffered"); 5 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.04[E][1][a] (2015) ( "The point is not that statutory damages always need to fall beneath other measurements, but rather that they should be woven out of the same bolt of cloth as actual damages."); *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 104-05, 108 (2d Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 161, 164 (2d Cir. 2001); *Gaste v. Kaiserman*, 863 F.2d 1061, 1070-72 (2d Cir. 1988); *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117-18 (2d Cir. 1986); *Stevens Linen Ass., Inc. v. Mastercraft Corp.*, 656 F.2d 11, 15 (2d Cir. 1981); *Int'l Bus. Machines Corp. v. BGC Partners, Inc.*, No. 10 Civ. 128 (PAC), Slip Op., 2013 WL 1775437, *3-5 (S.D.N.Y. Apr. 25, 2013); *Mannion v. Coors Brewing Co.*, 530 F. Supp. 2d 543, 546-47, 551-53 (S.D.N.Y. 2008); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002); *UMG Recordings, Inc. v. MP3.com, Inc.*, 56 U.S.P.Q.2d 1376, 2000 WL 1262568, at *5 (S.D.N.Y. 2000); *Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065, 1068 (S.D.N.Y. 1995); 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.03[B], [C][1], at 14-40 (1996).

**Defendants' Position:** As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case. The jury should be instructed with respect to that law.

**Plaintiff's Proposed Copyright Jury Instruction No. 22:**

**DAMAGES — STATUTORY DAMAGES**
**(Consideration of Plaintiff's Actual Damages)**

Plaintiff does not believe that this instruction should be given.

**Defendants' Proposed Copyright Jury Instruction No. 23:**

### DAMAGES — STATUTORY DAMAGES
**(Attribution — Consideration of Defendants' Sales and Profits
Attributable to the Infringement)**

In addition, in considering the sales made and profits realized by Defendants in calculating statutory damages, once again, there must be non-speculative proof that Defendants' sales and profits are attributable to, that is, reasonably related to, the infringing activity. On the other hand, if you find that Defendants' sales and profits resulted from factors other than the infringing activity, then you should not take Defendants' sales and profits into account when calculating statutory damages.

What that means in this case is that in order to determine the amount of profits earned by Defendants, if you find that Defendants' sales and profits are, to one degree or another, reasonably related to the infringing activity, that is, the unauthorized use of the game instructions, then you should determine the portion of such sales that were attributable to the infringing activity, and then determine how much profit Defendants made on such sales. What this means as a practical matter is that you must determine to what degree Defendants' sales were attributable to the instructions that appeared in the Challenged Sterling Books, as opposed to the other content that appears in those books. In making that determination, you should first take Defendants' sales or revenue that you find to be attributable to the infringing activity, and then subtract the expenses Defendants incurred in generating such revenues, in order to calculate the amount of Defendants' profit, or loss, as the case may be, that is attributable to the infringing activity.

Under this concept of attribution that I have just instructed you, you should consider to what extent Defendants' sales and profits with respect to the Challenged Sterling Books are attributable to, or reasonably related to, the single page of game instructions that appear in those books, as opposed to the remainder of the content of those books.

**Authority:** 17 U.S.C. § 504(b) (copyright owners have the initial burden of establishing those profits "attributable to the infringement"); *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 104-05, 108 (2d Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000)); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 161, 164 (2d Cir. 2001); *Gaste v. Kaiserman*, 863 F.2d 1061, 1070-72 (2d Cir. 1988); *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117-18 (2d Cir. 1986); *Stevens Linen Ass., Inc. v. Mastercraft Corp.*, 656 F.2d 11, 15 (2d Cir. 1981); *Int'l Bus. Machines Corp. v. BGC Partners, Inc.*, No. 10 Civ. 128 (PAC), Slip Op., 2013 WL 1775437, *3-5 (S.D.N.Y. Apr. 25, 2013); *Mannion v. Coors Brewing Co.*, 530 F. Supp. 2d 543, 546-47, 551-53 (S.D.N.Y. 2008); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 403 (S.D.N.Y. 2002); *UMG Recordings, Inc. v. MP3.com, Inc.*, 56 U.S.P.Q.2d 1376, 2000 WL 1262568, at *5 (S.D.N.Y. 2000); *Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065, 1068 (S.D.N.Y. 1995); 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.03[B], [C][1], at 14-40 (1996).

**Defendants' Position:**  As the above citations demonstrate, Defendants' proposed instruction accurately conveys the relevant law on this issue that the jury must apply when deciding this case.  The jury should be instructed with respect to that law.

**Plaintiff's Proposed Copyright Jury Instruction No. 23:**

## DAMAGES — STATUTORY DAMAGES
### (Attribution — Consideration of Defendants' Sales and Profits Attributable to the Infringement)

Plaintiff does not believe that this instruction should be given.