UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL WARD d/b/a/ BRAINTEASER
PUBLICATIONS,

          Plaintiff,

- against -

BARNES & NOBLE, INC., STERLING
PUBLISHING CO., INC., FRANCIS HEANEY,
and PATRICK BLINDAUER,

          Defendants.

Civil Action No. 13-cv-7851 (JMF)

## MEMORANDUM OF LAW IN SUPPORT

## OF DEFENDANTS' MOTION *IN LIMINE*

ARNOLD & PORTER LLP
Louis S. Ederer
Susan L. Shin
Matthew T. Salzmann
399 Park Avenue
New York, New York 10022
Tel: 212.715.1000
Fax: 212.715.1399

*Attorneys for Defendants*


# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
| I. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OR EVIDENCE RELATING TO DISMISSED CLAIMS AND SETTLEMENT COMMUNICATIONS | 3 |
| II. PLAINTIFF SHOULD BE PRECLUDED FROM ASSERTING NEW CLAIMS AND PRESENTING TESTIMONY OR EVIDENCE RELATED TO THOSE CLAIMS | 7 |
| III. PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING THAT HE IS ENTITLED TO MORE THAN ONE STATUTORY DAMAGES AWARD | 8 |
|     A. The Number of Works Infringed, Not the Number of Allegedly Infringing Works, Determines the Number of Potential Statutory Damage Awards | 8 |
|     B. The Number of Joint Infringers Does Not Affect the Number of Potential Statutory Damages Awards | 11 |
| CONCLUSION | 12 |

## TABLE OF AUTHORITIES

**Cases:**                                                                   **Page(s):**

*Agence France Presse v. Morel*,
  934 F. Supp. 2d 584 (S.D.N.Y. 2013).................................................................................11

*Am. Fed. Grp., Ltd. v. Rothenberg*,
  136 F.3d 897 (2d Cir. 1998)....................................................................................................7

*Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*,
  303 F. Supp. 2d 356 (S.D.N.Y. 2003)..............................................................................8, 9, 10

*Bryant v. Media Right Prods., Inc.*,
  603 F.3d 135 (2d Cir. 2010).............................................................................................8, 9, 11

*Harkabi v. SanDisk Corp.*,
  2012 WL 826892 (S.D.N.Y. Mar. 12, 2012) .........................................................................8

*Kregos v. Assoc. Press*,
  3 F.3d 656 (2d Cir. 1993).......................................................................................................6

*Island Intellectual Prop. LLC v. Deutsche Bank AG*,
  2012 WL 526722 (S.D.N.Y. Feb. 14, 2012) .........................................................................4

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
  2006 WL 988143 (S.D.N.Y. Apr. 13, 2006)....................................................................4, 5, 6

*Macklin v. Mueck*,
  2005 WL 1529259 (S.D. Fla. Jan. 28, 2005) ....................................................................8, 10

*Magnivision, Inc. v. Bonneau Co.*,
  115 F.3d 956 (Fed. Cir. 1997)................................................................................................4

*Missigman v. USI Ne., Inc.*,
  131 F. Supp. 2d 495 (S.D.N.Y. 2001)....................................................................................7

*Pavlica v. Behr*,
  2006 WL 1596763 (S.D.N.Y. June 12, 2006) ....................................................................8, 9

*Plew v. Ltd. Brands, Inc.*,
  2012 WL 379933 (S.D.N.Y. Feb. 6, 2012) ...........................................................................6

*Smith v. NBC Universal*,
  2008 WL 612696 (S.D.N.Y. Feb. 28, 2008) .........................................................................11

*Sound Video Unlimited, Inc. v. Video Shack Inc.*,
  700 F. Supp. 127 (S.D.N.Y. 1988) ......................................................................................7, 8

*Teevee Toons, Inc. v. MP3.com, Inc.*,
    134 F. Supp. 2d 546 (S.D.N.Y. 2001) ............................................................................... 9

*Trebor Sportswear Co. v. The Ltd. Stores, Inc.*,
    865 F.2d 506 (2d Cir. 1989) ............................................................................................. 6

*Ward v. Barnes & Noble, Inc.*,
    2015 WL 765833 (S.D.N.Y. Feb. 23, 2015) ........................................................... 1, 5, 6

*Ward v. Barnes & Noble, Inc.*,
    2015 WL 1442449 (S.D.N.Y. Mar. 30, 2015) ............................................................ 1, 5

**Statutes, Rules & Regulations**

17 U.S.C. § 504(c)(1) ................................................................................................................ 8

Fed. R. Evid. 401 .................................................................................................................. 3, 7

Fed. R. Evid. 402 .................................................................................................................. 3, 4

Fed. R. Evid. 403 .............................................................................................................. 3, 4, 7

Fed. R. Evid. 408 .................................................................................................................. 6, 7

**Other Authorities**

5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[E][1] (2015) ................ 9

Defendants Barnes & Noble, Inc., Sterling Publishing Co., Inc. ("Sterling"), Francis Heaney, and Patrick Blindauer (collectively, "Defendants") respectfully submit this memorandum of law in support of their Motion *in Limine*, filed pursuant to Rule 5.B.i of this Court's Individual Rules and Practices in Civil Cases.

## PRELIMINARY STATEMENT

Plaintiff's complaint asserted a number of federal claims for copyright and trade dress infringement and state law claims for unfair competition and unjust enrichment that are no longer before the Court and need not be tried. Dkt. 1 at 8-12. In its decision issued on March 30, 2015, granting, in substantial part, Defendants' Motion for Summary Judgment, the Court dismissed nearly all of Plaintiff's claims. *See generally Ward v. Barnes & Noble, Inc.*, 2015 WL 765833 (S.D.N.Y. Feb. 23, 2015) [hereinafter *Ward I*] (Dkt. 38). More specifically, Plaintiff's claim of infringement based on an alleged New Zealand copyright was dismissed, *id.* at *5-6; Plaintiff's copyright infringement claim with respect to the artwork, layout and presentation that appears in Defendants' challenged books was dismissed, *id.* at *7-8; Plaintiff's claim for trade dress infringement was dismissed, *id.* at *9; and Plaintiff's state law claims for unfair competition and unjust enrichment were dismissed, *id.* at *10-11. Indeed, as the Court noted, all of Plaintiff's claims have been dismissed except for his copyright infringement claim based on the single page of game instructions that appear in a series of Hangman books Sterling published under Plaintiff's name (the "Original Sterling Books"), but even then only "insofar as the instructions constitute the 'text' of the books." *Id.* at 16.

This motion is necessary because Plaintiff continues to ignore the simple fact that only a single claim remains to be tried in this case, what this Court recently referred to as the "Instructions Claim." *Ward v. Barnes & Noble, Inc.*, 2015 WL 1442449, at *1 (S.D.N.Y. Mar. 30, 2015) [hereinafter *Ward II*] (Dkt. 51). In short, following the Court's decisions on

1

Defendants' Motion for Summary Judgment and Motion for Reconsideration, the only issues that remain are whether Plaintiff owns a U.S. copyright that encompasses the single page of game instructions that appear in the Original Sterling Books, and, if so, whether that U.S. copyright has been infringed by the single page of game instructions that appear in five Hangman books Sterling published under other names (the "Challenged Sterling Books"). As Defendants will prove at trial, however, since Plaintiff did not author the instructions in the Original Sterling Books, he therefore does not own any U.S. copyright in such instructions. In any event, the trial in this case is about the Instructions Claim, and nothing else.

Nevertheless, despite this Court's clear rulings, Plaintiff acts as if the Court's Summary Judgment Order does not exist. Indeed, in discussions leading to the submission of the Joint Pretrial Order, Plaintiff's counsel has clearly indicated that at trial, Plaintiff intends to offer testimony and evidence in support of many of the dismissed claims (including new evidence never before presented), thereby attempting to reintroduce those claims into the case, and also intends to offer evidence in support of new, unrelated, and never-pleaded claims, as well as evidence of the parties' settlement negotiations.[1] As discussed below, Plaintiff should be precluded from offering any such testimony and evidence, all of which is irrelevant to the Instructions Claim, would confuse the jury as to the ultimate questions to be decided, and would unduly prejudice Defendants.

---

[1] Indeed, of the thirty-four (34) exhibits Plaintiff proposes to introduce at trial, only one (Proposed Exhibit 33) relates to the instructions — Proposed Exhibit 1 is Plaintiff's long-abandoned New Zealand patent application; Proposed Exhibits 2 through 32 are the same exhibits Plaintiff relied on in opposing Defendants' Motion for Summary Judgment directed to Plaintiff's original claim for infringement of Plaintiff's artwork and illustrations, which the Court has dismissed; and Proposed Exhibit 34 relates to new, unpleaded claims regarding the sale of books in Canada. *See* Proposed Joint Pretrial Order, Ex. B.

2

Moreover, it appears that Plaintiff intends to advance a damages claim that is contrary to the law. In particular, Plaintiff has indicated that he intends to seek at least five (5) separate statutory damages awards based on the number of Challenged Sterling Books,[2] when, as the Court is aware, the number of statutory damages awards available to a copyright plaintiff is determined by the number of infringed works, not the number of allegedly infringing works.[3] As there is only one work that has allegedly been infringed here — the instructions that appear in the Original Sterling Books — Plaintiff would, at most, be entitled to a single statutory damages award. Any argument, testimony, or evidence to the contrary would be highly prejudicial to Defendants and confusing to the jury. Accordingly, Plaintiff should be precluded from arguing, or presenting related testimony or evidence, that he is entitled to more than one statutory damages award.

## ARGUMENT

### I.  PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY OR EVIDENCE RELATING TO DISMISSED CLAIMS AND SETTLEMENT COMMUNICATIONS

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Evidence is relevant only if it has a "tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action." Fed. R. Evid. 401. But even relevant evidence should be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

---

[2] Plaintiff's Statement of Damages in the Joint Pretrial Order claims entitlement to an additional nine (9) statutory damages awards apparently arising from unpleaded claims relating to the sale of other books in Canada. *See* Proposed Joint Pretrial Order at Section XIII.A. As discussed below, this is entirely improper. *See infra* Section II.

[3] Also irrelevant to the number of statutory damages awards are the number of copyright registrations owned by a plaintiff covering the same work, and the number of defendants, to the extent, as here, they are alleged to be jointly and severally liable.

3

confusion of the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Although only the Instructions Claim remains to be tried, it is clear from communications with Plaintiff's counsel and Plaintiff's proposed exhibit list that Plaintiff intends to present argument and evidence at trial related to claims this Court previously dismissed as a matter of law. Such conduct should not be permitted. Pursuant to Rules 402 and 403, courts routinely exclude testimony and evidence relating to dismissed or otherwise resolved claims. *See, e.g., Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961 (Fed. Cir. 1997) ("Since the issue of improper conduct in patent prosecution had been resolved pre-trial, ... the proffered evidence thereof was irrelevant."); *Island Intellectual Prop. LLC v. Deutsche Bank AG*, 2012 WL 526722, at *3 (S.D.N.Y. Feb. 14, 2012) ("Plaintiffs no longer seek damages based on a calculation of lost profits, ... [and therefore s]uch testimony is no longer relevant, would be confusing to the jury and a waste of time."); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 2006 WL 988143, at *2 (S.D.N.Y. Apr. 13, 2006) ("Any contested document or proposed testimony that relates to a dismissed or withdrawn claim is either irrelevant or unduly confusing or cumulative."). Accordingly, Plaintiff should be precluded from presenting any testimony, argument, or evidence relating to the dismissed claims, including, but not limited to, the following:

*First*, Plaintiff should be precluded from presenting any testimony, argument, or evidence relating to any alleged New Zealand intellectual property rights that he claims to own.[4] This Court has dismissed Plaintiff's claim arising from his purported New Zealand copyright in a Hangman book published in New Zealand, finding there to be no substantial similarity between

---

[4] Such evidence would include Plaintiff's Proposed Exhibits 1, 21, 23, 24, and 30, which comprise Plaintiff's abandoned New Zealand patent application and a series of web pages discussing intellectual property rights under New Zealand law or treaties. *See* Proposed Joint Pretrial Order, Ex.B.

4

that book and the Challenged Sterling Books. *Ward I*, 2015 WL 765833, at *5-6; *see also Ward II*, 2015 WL 1442449, at *2 n.2. With respect to any alleged New Zealand patent rights Plaintiff claims to own, Plaintiff never pleaded patent infringement, and the Court has found that Plaintiff has no applicable patent protection. *Ward I*, 2015 WL 765833, at *2 ("Plaintiff was issued a provisional [New Zealand] patent, which lasted for twelve months ...[, but] was never issued a full patent."). In sum, no New Zealand intellectual property rights are implicated by the Instructions Claim, and any mention of such rights would be irrelevant, confusing to the jury, and highly prejudicial to Defendants. *See, e.g., L-3 Commc'ns Corp.*, 2006 WL 988143, at *2.

*Second*, Plaintiff should be precluded from presenting testimony or evidence pertaining to any alleged intellectual property rights in the artwork, layout or presentation of any Hangman books. This Court has dismissed Plaintiff's copyright claim with respect to the artwork, layout or presentation of the Challenged Sterling Books. *See Ward I*, 2015 WL 765833 at *7-8. Nonetheless, Plaintiff has made clear his intent to advance that claim as if it were alive, and has included two exhibits on his exhibit list (Plaintiff's Proposed Exhibits 9 and 29) regarding Plaintiff's prior dispute with a third-party regarding the artwork and layout — not the instructions — of the Original Sterling Books. *See* Proposed Joint Pretrial Order, Exhibit ("Ex.") B. Because this claim has already been resolved, any exhibits or testimony regarding the artwork or layout would be irrelevant, confusing to the jury, and highly prejudicial to Defendants. *See, e.g., L-3 Commc'ns Corp.*, 2006 WL 988143, at *2.

*Third*, Plaintiff should be precluded from presenting testimony or evidence pertaining to the origination, or alleged "theft" by Defendants, of the idea or concept of a single-player, scratch-off Hangman game. Throughout this action, virtually the entire basis for Plaintiff's claim has been that Defendants "stole" his idea for such a game. *See, e.g.,* Dkt. 21, Ex. 6 at

5

168:15-16. Moreover, based on statements by Plaintiff's counsel, it appears that Plaintiff intends to continue to advance this improper argument. This Court has already recognized that "a copyright 'does not protect an idea, but only the expression of an idea.'" *Ward I*, 2015 WL 765833, at *4 (quoting *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993)). Indeed, although Plaintiff repeatedly argued (with respect to the artwork, layout, and presentation) that Defendants had "stolen" his idea, the Court refused to accept this fallacious position, noting that "the idea upon which a game is based cannot be copyrighted." *Id.* at *8 (quotations omitted).

The same is true with respect to the game instructions. Any testimony or evidence regarding Defendants' alleged "theft" of the concept of a single-player, scratch-off Hangman game is entirely irrelevant to the Instructions Claim, and would be confusing to the jury and highly prejudicial to Defendants. *See, e.g., L-3 Commc'ns Corp.*, 2006 WL 988143, at *2. Indeed, the potential for prejudice is particularly acute here, given the pejorative nature of accusations of theft, which are "inflammatory and unnecessary to prove a claim." *Plew v. Ltd. Brands, Inc.*, 2012 WL 379933, at *2 (S.D.N.Y. Feb. 6, 2012) (citation omitted) ("The Court agrees that characterizing Victoria's Secret actions as 'stealing' risks prejudicing the jury and will not aid in its finding of facts.").

*Finally*, Plaintiff should be precluded from presenting any testimony or evidence relating to settlement negotiations with Defendants. "In furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Rule 408 bars the admission of most evidence of offers of compromise and settlement." *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989). As the Rule explains, evidence of "conduct or a statement made during compromise negotiations about the claim" is "not admissible ... either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a

6

contradiction." Fed. R. Evid. 408(a). Nonetheless, Plaintiff's Proposed Exhibits 10, 11, and 19 are documents directly relating to the parties' prior attempts to settle this matter, comprising two draft Releases, and an excerpt of correspondence related to the negotiations. *See* Proposed Joint Pretrial Order, Ex. B. Either Plaintiff is offering these documents to prove the validity of his claim, which Rule 408 expressly prohibits, or he is offering them for some other purpose which would be irrelevant and prejudicial under Rules 401 and 403. Regardless, Plaintiff should be precluded from presenting these documents and any related testimony.

## II. PLAINTIFF SHOULD BE PRECLUDED FROM ASSERTING NEW CLAIMS AND PRESENTING TESTIMONY OR EVIDENCE RELATED TO THOSE CLAIMS

Plaintiff's Statement of Damages in the Joint Pretrial Order makes clear Plaintiff's intent to assert brand new claims at trial, separate and apart from the Instructions Claim. Based on communications with Plaintiff's counsel, these claims appear to relate to certain royalty disputes and related claims Plaintiff has informally lodged against Defendant Sterling, well after this suit was initiated, with respect to certain foreign language books sold in Canada.[5] Any such argument and evidence would severely prejudice Defendants, who have been given no notice of these unasserted claims, nor had an opportunity to take relevant discovery. Courts routinely preclude parties from asserting new, unpleaded claims at trial that were not subject to discovery. *E.g., Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 904-05 (2d Cir. 1998) (affirming preclusion of evidence related to an unpleaded claim first asserted after the close of discovery); *Missigman v. USI Ne., Inc.*, 131 F. Supp. 2d 495, 517 (S.D.N.Y. 2001) ("Plaintiff may not now assert new claims that have not been [pleaded or] subject to discovery."); *Sound Video*

---

[5] Plaintiff's Proposed Exhibit 34, consists of certain so-called "Canadian Hangman Titles," to which exhibit Defendants have objected on a number of grounds. *See* Proposed Joint Pretrial Order, Ex. B.

7

*Unlimited, Inc. v. Video Shack Inc.*, 700 F. Supp. 127, 150-51 (S.D.N.Y. 1988) (parties may not assert at trial "new claims that have not been adequately pleaded or subject to discovery"); *see also Harkabi v. SanDisk Corp.*, 2012 WL 826892, at *7 (S.D.N.Y. Mar. 12, 2012) (precluding evidence regarding unpleaded damages theory first asserted after the close of discovery). Accordingly, Plaintiff should be precluded from presenting any testimony or evidence regarding these unasserted claims.

### III.  PLAINTIFF SHOULD BE PRECLUDED FROM ARGUING THAT HE IS ENTITLED TO MORE THAN ONE STATUTORY DAMAGES AWARD

A copyright owner who elects to pursue statutory damages for copyright infringement is entitled to, at most, a single award of statutory damages "for all infringements involved in the action, with respect to any one work ... for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1). While this is the case here, nonetheless, Plaintiff has made clear his intent to argue and present evidence that he is entitled to multiple statutory damages awards (at least five such awards, based on the number of Challenged Sterling Books). This argument is contrary to law and should, therefore, be precluded.[6]

#### A.  The Number of Works Infringed, Not the Number of Allegedly Infringing Works, Determines the Number of Potential Statutory Damage Awards

Courts have consistently found that statutory damages are to be awarded based on the number of works infringed, not the number of infringements. *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, 303 F. Supp. 2d 356, 361 (S.D.N.Y. 2003) (Scheindlin, J.); *see also Pavlica v. Behr*, 2006 WL 1596763, at *1 (S.D.N.Y. June 12, 2006) (Chin, J.); *Macklin v. Mueck*, 2005 WL 1529259, at *3 (S.D. Fla. Jan. 28, 2005); *cf. Bryant v. Media Right Prods., Inc.*, 603 F.3d 135,

---

[6] To the extent Plaintiff now claims entitlement to fourteen statutory damages awards based on his previously unasserted claims relating to nine so-called "Canadian Hangman Titles," this argument is equally flawed. As discussed below, where only one work is infringed, only one statutory damages award can be given, regardless of the number of alleged infringements.

8

140 (2d Cir. 2010) ("The Copyright Act allows only one award of statutory damages for any 'work' infringed."). As the Court explained in *Arclightz*:

> Under the current version of the [Copyright Act], the unit of damages inquiry shifts from the number of infringements to the number of works infringed upon. To determine the number of violations, therefore, the court need only sum the number of separate, individual works which were the subject of a defendant's infringing activities.

*Arclights*, 303 F. Supp. 2d at 361.

There is only one work at issue here for the purpose of calculating statutory damages — the instructions that appear in the Original Sterling Books. Although the instructions appear in multiple books, the instructions comprise only one work for purposes of calculating statutory damages. *See, e.g., Pavlica*, 2006 WL 1596763, at *1-3; *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, 548 (S.D.N.Y. 2001). Plaintiff is therefore entitled to, at most, one statutory damages award. 5 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[E][1] (2015) (the Copyright Act "provides for but a single statutory damages award" where "there are several different versions of plaintiff's work, each of which commands a separate copyright").

Despite this clear law to the contrary, however, Plaintiff's position is that he is entitled to five statutory damages awards with respect to the five Challenged Sterling Books. Thus, Plaintiff wants to ask the jury to award maximum statutory damages of $750,000 with respect to the Challenged Sterling Books.[7] But Plaintiff is at most entitled to a single statutory damages award based on the single page of instructions on which he predicates his infringement claim.

---

[7] If one were to include Plaintiff's new, unpleaded claims with respect to certain so-called foreign language "Canadian Hangman Titles," Plaintiff now seeks fourteen statutory damages awards for a maximum of $2.1 million (plus attorney's fees and interest totaling an additional $1.645 million). *See* Proposed Joint Pretrial Order at Section XIII.A and Ex. F.

9

Plaintiff should therefore be precluded from arguing and presenting evidence that he is entitled to more than one statutory damages award simply because there is more than one allegedly infringing book, as that is contrary to Congress' intent and the law.

The Southern District of Florida addressed virtually the same scenario in *Macklin v. Mueck*, 2005 WL 1529259. There, the plaintiff sought multiple statutory damage awards because he had accused the defendants of infringing his copyright in certain poems by publishing the poems in multiple locations (on a website and as part of a contest). *See Macklin*, 2005 WL 1529259, at *1. Citing Judge Scheindlin's well-reasoned decision in *Arclightz*, however, the *Macklin* court found that the plaintiff was only entitled to a single statutory damages award for each allegedly infringed work, regardless of the number of times, or the number of mediums in which each work had been published. *See id.*[8] Just as in *Macklin*, here, the fact that there are multiple allegedly infringing books is irrelevant to the calculation of statutory damages — "the unit of damages is based not on the number of infringements, but on the number of works infringed upon." *Macklin*, 2005 WL 1529259, at *1; *accord Arclights*, 303 F. Supp. 2d at 361. As there is only one allegedly infringed work here, Plaintiff is, therefore, entitled to, at most, a single award of statutory damages. To avoid the obvious prejudice and confusion that Plaintiff's "five (and more recently fourteen) statutory damages awards" argument will undoubtedly cause, this Court should preclude Plaintiff from making this argument or presenting any evidence in support thereof.

---

[8] In *Arclightz*, Judge Scheindlin considered an infringement involving a copyrighted motion picture, where the copies of the motion picture were allegedly infringed in two ways — by their production and by their distribution. *Arclightz*, 303 F. Supp. 2d at 361. Although the plaintiffs requested two statutory damages awards (one for each form of infringement), the Court found that only one statutory damages award was available, because only one work was allegedly infringed. *Id.*

### B. The Number of Joint Infringers Does Not Affect the Number of Potential Statutory Damages Awards

Put simply, "[t]he statute clearly contemplates a single award for each work infringed by joint tortfeasors." *Smith v. NBC Universal*, 2008 WL 612696, at *2 n.12 (S.D.N.Y. Feb. 28, 2008); *see also Bryant*, 603 F.3d at 140 n.3 (plaintiff only was entitled to "one statutory damage award for each infringed work" where defendants were joint infringers). Accordingly, "if two or more defendants in an action have jointly infringed a single work, the copyright holder may not elect to seek a statutory damages award for that joint conduct against one defendant individually in order to pursue a separate award against another defendant for the same work." *Agence France Presse v. Morel*, 934 F. Supp. 2d 584, 590 (S.D.N.Y. 2013).

Plaintiff's Complaint explicitly alleges that Defendants acted jointly and severally in committing the alleged acts of infringement. *See, e.g.*, Dkt. 1 at 12 (demanding judgment against Defendants "jointly and severally"). There are no allegations that Defendants acted individually (although, of course, Defendant-authors Heaney and Blindauer can be held liable only if their respective books are found to infringe) — rather, with respect to each Challenged Sterling Book, the same alleged, joint conduct provides the basis for the infringement claims against all Defendants. Thus, Plaintiff is entitled to recover, at most, only one statutory damages award, no matter how many, or which Challenged Sterling Books are found to have infringed Plaintiff's purported copyright. *See, e.g.*, *Agence France Presse*, 934 F. Supp. 2d at 590. Plaintiff should be precluded from arguing or presenting evidence to the contrary.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion *in Limine*.

Dated: New York, New York  
May 15, 2015

ARNOLD & PORTER LLP

By: *[signature]*

Louis S. Ederer  
Susan L. Shin  
Matthew T. Salzmann  
399 Park Avenue  
New York, New York 10022  
Tel: 212.715.1000  
Fax: 212.715.1399

*Attorneys for Defendants*