

The Law Office of Barry E. Janay, P.C.
111 Boulder Ridge Rd.
Scarsdale, NY 10583
917-756-8501
bjanay@lobej.com

May 20, 2015

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
40 Centre St., Rm. 2202
New York, NY 10007

RE:  Michael Ward v. Barnes & Noble, Inc. et al., 13 Civ. 7851(JMF)

Dear Judge Furman,


I represent Plaintiff Michael Ward in the above-entitled action.

I am writing in response to your Order contained in Docket Number 63 requiring that I write a letter in response to Defendants' letter motion (Docket 62) to show cause why the trial court should not be limited to (what the Defendants' stated in their letter motion)  "one claim that the Court indicated survived summary judgment."  Please note that an opposition to the motion in limine was filed yesterday evening that responds to the issues raised in defendants' motion letter, however since the court requested a letter in it's Order (Dkt. 63)I have prepared and hereby submit this letter to further explain the rationale and provide support the positions Plaintiff is taking.

The Defendants' failed to raise all triable issues on their motion for summary judgment and therefore waived them, it follows that any remaining issues survived.  Of particular importance is the U.S. Copyright Registration  No. TX0007780360 for *Tough Hangman in the Moon* (Exh. B. to Janay Decl. in Opp. to Motion in Limine) registered to Mike Ward.  This registration is Prima Facie Evidence of Ownership.  The "authorship" section of that registration lists Plaintiff's name before "text" and "compilation."   This court wrote in its decision on the summary judgment motion that "'[in] general, the nature of authorship defines the scope of the registration,' that section '**represents an important copyright fact.**" (Dkt. 38, p. 15, internal citations omitted) Nowhere has this fact has not been rebutted by the Defendants'.

The Defendants letter also raise the issue of Plaintiff's "damages claim for over $3.7 million, including counsel fees, and interest." While I address that issue at length in  the Memorandum of Law in Opposition to Defendants' motion in limine and make certain corrections, there are additional points for consideration which support the position that this case is not about "one claim" as the Defendants suppose and which justify a statutory damages award much higher than previously believed.   This Court's summary judgment decision (Dkt. 38) granted Defendants motion as to Plaintiff's claim of infringement of his New Zealand Copyright, that section of the decision (Discussion, A., 1.) (Dkt. 38, p.10) covers whether there are copyrightable elements in the game board design, artwork for the

hangman gallows, as well as the "total concept and overall fee."[1] The decision however does not address the game instructions in the New Zealand Hangman book. The court later ruled its decision on the motion for reconsideration (Dkt. 51, p.3) that the instructions in the Ward Books "resembled instructions that Plaintiff wrote for his New Zealand book" and indeed an identical copy of the instructions was found in one of the Challenged Works. This remains an issue for the jury to determine.

Next, it is undisputed that Plaintiff's forty (40) copyright registrations covered "text," "entire text," however now the parties are aware that "compilation" was contained in one of the registrations.[2] The issue of Plaintiff's authorship extending to such "compilation" and ownership thereof is therefore also an issue remaining for the jury to determine.

It is settled that there were forty (40) Ward Books registered with the United States Copyright Office, each with some variation on the instructions and each version was copyrighted in Wards name alone for "text," "entire text," or "compilation." Each copyright registration registers a separate work of Ward's, just as each of the two hundred and fifty (250) variations of Claude Monet's Water Lilies constitutes a separate work. The significance of the instructions to these puzzle books cannot be understated, although equating these works to Monet's Water Lillies is a stretch, the entire user experience which Plaintiff argues is part of the "total concept and overall feel" stems from them and that experience is based on the purchaser following those instructions to play the game, this is true for the New Zealand Books, the Ward Books, and the Challenged Books.

Given that there are forty (40) works and Defendants' legal research in its motion in limine which establishes that the unit for statutory damages is for each "work" and not each "infringement" there is justification for forty (40) statutory damages awards that can be maintained against each of the four (4) defendants for a total of one hundred and sixty (160) awards.

Furthermore, Plaintiff believes that he can prove to a jury that the Defendants' actions were done willfully and egregiously, and will therefore make a case that the maximum amount of statutory damages per work, namely $150,000.00,[3] should be awarded against each defendant individually. As this court is aware, there is wide lattitude with respect to statutory damages awards since they may act as a punishment and a detterrrent. The total units of statutory damages that may be awarded of one hundred and sixty (160) multiplied by the maximum statutory damages award of $150,000.00 equals twenty-four million dollars ($24,000,000.00). Next, Under 17 U.S.C. § 505, the court may award reasonable attorney's fees to the prevailing party, which for the sake of argument are one-third (⅓) of the recovery or eight million dollars ($8,000,000.00).[4] Finally, Plaintiff is also seeking an award for prejudgment interest from the date(s) when each cause of action accrued at the rate of

---

[1] While Plaintiff believes this ruling of "substantial similarity" between Ward's New Zealand Copyright and the Challenged Works was made in error because "substantial similarity" is a question of fact for the jury to decide and a reasonable jury could very well have *inter alia* found the "total concept and overall feel" to be substantially similar that issue is being reserved for appeal.

[2] The fact that one of the registrations contained "compilation" was only recently discovered and this is the reason why it was not briefed on summary judgment. Since this issue remains to be litigated a jury hear all facts regarding whether Ward authored the "compilation" and make a determination. After there is a presumption of authorship by virtue of the registration and questions of "authorship (are) for the jury to decide at trial, not for this Court to decide on summary judgment." (Dkt. 51, p. 7).

[3] 17 U.S.C. § 504(c)(2)

[4] $24,000,000 multiplied by one-third (⅓) equals $8,000,000.00.

nine percent (9%), prejudgment interest is routinely awarded in this district (*See Microban Products Co. v. API Industries, Inc., Dist. Court, SD New York (2014)*, which going back to 2010 (the year of publication of the Francis Heaney Science Hangman) and applying this to the award of twenty-four million dollars $24,000,000.00 would be ten million eight hundred thousand ($10,800,000.00).[5] Therefore the total amount awarded including all three categories (statutory damages, attorney's fees, interest) is fifty million eight hundred thousand dollars ($50,800,000.00).

Additionally, I wish to correct and clarify an item that has routinely been construed as an "admission" by the Plaintiff in the "original (albeit improperly filed) Local Rule 56.1 counter-statement that (Plaintiff's) U.S. copyright extends, at most, only to 'text or words.'" (Docket 38, p. 15 quoting Docket No. 28 ¶ 33). An error occurred whereby I used "i.e." which means "that is (to say)" or "in other words" instead of "e.g." meaning "for the sake of example." This unfortunately changed the meaning of the paragraph, my statement "text or words" was never meant to be a limit on the scope of my client's claim of copyright nor was it intended to be exhaustive. Unfortunately grammatical errors do sometimes occur, I am remorseful for this and other grammatical errors that have appeared in my writings to the court. This error in particular I believe is a common one that people make, which to be sure is no excuse, but I do beg the court to be merciful regarding it and then re-examine the substance of paragraph in the 56.1 plaintiff's improperly filed counter-statement. I believe that taken in context it is clear that Plaintiff did not intend to limit his copyright ownership claims to "text or words" only which is also clear from the complaint, his deposition testimony, and multiple other sources in the record. Considering that Defendant wants to raise this issue at trial and use that improperly filed 56.1 counter-statement as their Exhibit D-12 I believe a re-examination is warranted.

Finally, turning to the Canadian Hangman titles, these works credit Mr. Ward's copyright and also use the pseudonym for a number of the Ward Books published by Sterling "Diane Ward." Plaintiff understands that there was a publishing agreement, but does not know the details of this agreement between Defendant Sterling and Les Publicacions Modus Vivendi, inc. All of the activities concerning this agreement which appear to include additional counts of copyright infringement occurred at approximately the same time that the parties were deeply engaged in this litigation yet Defendants did not supply any discovery on these titles. Given the stage of this matter Defendants' should be precluded from raising any defenses concerning these titles since they obviously knew about the works for a long time while this litigation was pending.

        Respectfully Submitted,
        /Barry E. Janay /
        Barry E. Janay, Esq.

cc: Louis Ederer, Esq. (By Email)

---

[5] This figure was calculated by the formula of: $24,000,000.00 (statutory damages) x 5 (years) x 9% interest.